## HEIM v. VOGEL, *Appellant.*

1 **Mechanic's Lien**: TITLE UNDER, WHEN ENCUMBRANCERS ARE NOT MADE PARTIES. Where suit is brought to enforce a mechanic's lien against premises encumbered by a deed of trust, the parties to which are not made parties to the suit, a sale under an execution in the case will not carry an indefeasible title. The holder of the deed of trust will have the right to redeem.

2. **Implied Assumption of Debt by Accepting a Deed Reciting such Assumption.** The acceptance of a deed poll containing a recital that the land conveyed is subject to a mortgage which the grantee assumes, or agrees to pay, imposes a duty on the grantee, and the law implies a promise to perform it, on which, in case of failure, an action can be maintained.

3. **Agreement to Assume Junior Encumbrance by one who Afterwards Purchases under Senior.** A having purchased land, and, by a clause in the deed, assumed the payment of an outstanding deed of trust, afterwards bought the same land at a sale under an execution, the lien of which ante-dated the deed of trust,

34—69

and then executed a second deed of trust. The first deed of trust was on record at the time the second was executed, and the second, in express terms, referred to the deed to A. Sales having taken place under both deeds of trust, in a contest between the respective purchasers; *Held*, that after the purchase under the execution the land remained in A's hands as much bound by the first deed of trust as if he had himself executed it; and a purchaser under the second, having from A's deed and the records full notice of the facts, took no better title than A.

*Appeal from St. Louis Circuit Court.*—The case ·was tried before HON. JAMES J. LINDLEY, one of the Judges.

*J. O. Broadhead* and *Slayback & Haeussler* for appellants.

1.   The defendants, not having been made parties to the suit upon the mechanic's lien, have a right now to attack the entire proceeding, for they are in nowise bound by the judgment. This is well settled. *Hauser v. Hoffman*, 32 Mo. 334; *Schaeffer v. Lohman*, 34 Mo. 68; *Crandall v. Cooper*, 62 Mo. 478.

2.   The purchase by Sternberg of his own property at the sheriff's sale under the execution in favor of the mechanics, gave him no greater interest in the premises than he had acquired from Dette; he had already acquired the equity of redemption, or all the right that Zweifel had at the date of the work done by the mechanics, and he bought, if anything at all, only the lienor's right to the erections and improvements. All he did, in fact, was to relieve the improvements from the lien, and he acquired no greater interest in the premises than he had before; consequently the deed of trust he gave to respondent's trustee conveyed no portion of the land, nor any interest therein except the equity of redemption from the Hammel deed of trust; the deed of trust to respondent's trustee expressly refers to, and gives notice of, the fact that the title conveyed by Sternberg is the same he acquired of Dette by deed, and not such title as might have been acquired by him at an

execution sale. It was his duty to pay the deed of trust. When he bought for $1,550, it certainly was not intended that the estate should pay his debts and the deed of trust. As debtor he had to pay his own debts, and his vendee, Sternberg, had to pay the debt standing in his shoes, and the incumbrance. They were part of the consideration of sale by the estate. Blackwell Tax Titles, 446; *Vories v. Thomas*, 12 Ill. 442; *Baily v. Doolittle*, 24 Ill. 577; *Quinn v. Quinn*, 27 Wis. 168; *Shepardson v. Elmore*, 19 Wis. 424; *Carithers v. Weaver*, 7 Kan. 110; *Porter v. Lafferty*, 33 Iowa 254; *McLaughlin v. Green*, 48 Miss. 207; *Brown v. Simons*, 44 N. H. 475; Willard on Real Prop., (4 Ed.) 428.

3. The purchaser at an execution sale is not an innocent purchaser without notice. He buys only such interest as the judgment debtor has, and if that interest is subject to equities, even though totally unknown to the buyer, the title is subject still to the same equities. *Mann v. Best*, 62 Mo. 491, 496; *Hart v. F. & M. Bank*, 33 Vt. 252; *Whitworth v. Gaugain*, 3 Hare 416. The judgment debtor was Dette; his interest was Zweifel's equity of redemption, and this is all that Sternberg bought at the execution sale, if his purchase was not, in fact, a payment.

*Jecko, Hospes & Jecko* for respondent.

1. The mechanic's lien attached from the time of the commencement of the building by Dette, which was in April, 1869. Wag. Stat., § 7, p. 909; *Dubois v. Wilson*, 21 Mo. 213; *Allen v. Sales*, 56 Mo. 28; *Douglas v. St. L. Zinc Co.*, 56 Mo. 388; *Reilly v. Hudson*, 62 Mo. 383. The death of Zweifel did not cancel the contract between him and Dette for the building of the house, nor did it relieve Dette nor the legal representatives from the obligation that Dette and Zweifel assumed under it. 1 Parson's Contracts, p 111 (Ed. 1853); Chitty's Contracts, p. 98 (Ed. 1848). The descent of the title from Zweifel to the devisees, Legler and May, and the liability of the property to be subjected

to the payment of the debt of Zweifel, did not affect the right of any lienor who did work or furnished materials in the construction of the building by Dette, in pursuance of his contract. *Allen v. Sales*, 56 Mo. 28; *Douglas v. Zinc Co.*, 56 Mo. 388; *Reilly v. Hudson*, 62 Mo. 383.

2.   The judgment was rendered against the proper parties.   When Zweifel died, his interest ceased; the property, as he held it, and in the same condition that he held it, instantly passed to the legatees.   They took it subject to all the burdens that were upon it, at the time of Zweifel's death, and as far as third persons were concerned, the property in their hands was in precisely the same condition as it was in Zweifel's hands before his death.   No judgment, personal or general, was or could be rendered against Legler and May any more than it could have been against Zweifel, had he been living.

3.   The sale of the property by order of the probate court did not disturb the lien of Oldenlage and Griesheim any more than it disturbed the deed of trust under which defendant claims.   It had the same effect, and no greater or less than the voluntary conveyance of Zweifel, if alive, would have had.

4.   Dette bought the property subject to two incumbrances:   1st, The lien of Oldenlage and Griesheim; 2nd, The deed of trust under which the defendant claims.   The lien, as far as the title is concerned, had the same effect that a prior mortgage would have had; if Zweifel had, in his lifetime, conveyed the title by way of mortgage or deed of trust to the benefit of Oldenlage and Griesheim, and then given the mortgage under which defendant claims, the death of Zweifel, the devise to Legler and May, and the conveyance under the judgment of the probate court, could not in any way or respect change the relation of the mortgages, or the rights of the mortgagees under them.

5.   The purchase of the property by Dette did not make him liable to pay the notes secured by the deed of trust; he took it subject to the lien of Oldenlage and Gries-

heim, and the deed of trust ; by discharging these incumbrances he would have the unincumbered title; but by not doing so, he left the lienor and the *cestui que trust* in the same position that they were in before he purchased. The mere fact that he was individually liable to Oldenlage and Griesheim for the amount of their claim, and that he acquired the title to the property upon which they had a lien for the payment of their claim, did not affect their lien.

6. The purchase by Sternberg of the title of Dette, did not affect the lien nor change the relation of the parties having liens on the property; and by this deed he was not estopped from acquiring any other or better title; he bought and paid for it, and he purchased at the sheriff's sale under the lien judgment, and for an additional consideration, the title discharged from the deed of trust.

Hough, J.—This is an action of ejectment. The circuit court rendered judgment for plaintiff.

Both parties claim title under one Fridolin Zweifel. In April, 1869, Zweifel contracted with one Dette for the erection of a building on the lot in controversy. During said month Dette began work under said contract, and Oldenlage and Griesheim performed labor and furnished materials for said building under a contract with Dette. On the 15th day of June, 1869, Zweifel executed a deed of trust on the lot sued for, to secure a note for $10,000, payable to Michael Hammel, in five years, together with ten semi-annual interest notes for $500 each, which deed was recorded July 8th, 1869. Zweifel died September 5th, 1869, leaving a will by which the property in controversy was devised in fee to David Legler and Gotlieb May, who were also named and acted as executors of said will. On February 28th, 1870, the executors, aforesaid, sold at public sale, under an order of the probate court of St. Louis county, the equity of redemption of Zweifel in the lot sued for, and Dette became the purchaser thereof, at the sum

of $1,550, and received a deed therefor dated March 1st, 1870. The building erected by Dette was completed in December, 1869, and on March 17th, 1870, Oldenlage and Griesheim filed a lien for the labor performed and materials furnished by them, on which suit was brought against Dette and the executors on June 14th, 1870. On the 23rd day of June, 1871, Dette, for the recited consideration of $12,812.50, sold and conveyed to B. N. Sternberg, by warranty deed, the premises in controversy. This conveyance, which was a deed poll, contained the following clause : " Subject, however, to a certain deed of trust to Michael Hammel's trustee, dated June 15th, 1869, and recorded in the aforesaid recorder's office in book 389, page 72, the payment of which is assumed by said party of the second part." Judgment having been rendered in favor of Oldenlage and Griesheim in the suit on the mechanic's lien on the 4th day of November, 1871, the property was sold under execution issued on said judgment, and Sternberg became the purchaser for the sum of $601.85, the amount of the debt and costs. On January 22nd, 1872, Sternberg gave a deed of trust on this property to secure the payment of a debt of $3,000 to the plaintiff, Heim, which deed recited that the property conveyed was the same which Sternberg acquired of Dette "by deed dated June 23rd, 1871, and recorded in the recorder's office of St. Louis county, Missouri, in book 425, page 483." On July 16th, 1873, the deed of trust given June 15th, 1869, to Michael Hammel's trustee, and referred to in the deed from Dette to Sternberg, was foreclosed by an execution of the power of sale, and at the sale thereunder, the defendant, Vogel, became the purchaser at and for the sum of $11,100. On November 30th, 1873, the deed of trust given by Sternberg to Heim, was foreclosed by an execution of the power of sale, and at the sale thereunder, the plaintiff, Heim, became the purchaser at and for the sum of $475. It will be seen, from the foregoing statement, that Sternberg became the owner of the property in dispute subject to two incumbrances ; a

mechanic's lien in favor of Oldenlage and Griesheim, and a deed of trust in favor of Michael Hammel.

Conceding the mechanic's lien to be the senior incumbrance, the purchase by Sternberg at the sale under said lien, did not invest him with an indefeasible title. Section 9 of the statute in relation to mechanic's liens, is as follows: "In all suits under this chapter the parties to the contract shall, and all other persons interested in the matter in controversy, and in the property charged with the lien, may be made parties, but such as are not made parties shall not be bound by any such proceedings." 2 Wag. Stat., § 9, p. 910. So that after the enforcement of the mechanic's lien, and the purchase by Sternberg, the holder of the Hammel mortgage, or the purchaser at the sale thereunder, still had the right to redeem. *Farwell v. Murphy*, 2 Wis. 533; *Goodman v. White*, 26 Conn. 317; *Olmstead v. Tarsney*, ante, p. 396. This right could, of course, only be asserted by appealing to the equitable jurisdiction of the court; it is not relied on here, nor, indeed could it be in the present state of the pleadings, the answer of the defendant being a general denial only.

The recital in the deed from Dette to Sternberg, however, that the property was conveyed subject to the deed of trust made to secure Hammel, and that the payment thereof was assumed by Sternberg, is conclusive of the rights of the parties in this action. The effect of this recital was to make the debt due to Hammel, Sternberg's own debt, and to render him personally liable therefor. Where land is conveyed subject to a mortgage, the grantee does not undertake or become bound by a mere acceptance of the deed to pay the mortgage debt; but if a grantee takes a deed containing a recital that the land is subject to a mortgage which the grantee assumes, or agrees to pay, a duty is imposed on him by the acceptance, and the law implies a promise to perform it, on which promise, in case of failure, assumpsit will lie.

*Marginal notes:*
1. MECHANIC'S LIEN: title under, when incumbrancers are not made parties.

2. IMPLIED ASSUMPTION OF DEBT BY ACCEPTING A DEED RECITING SUCH ASSUMPTION.

*Fiske v. Tolman,* 5 Rep. 501; *Pike v. Brown,* 7 Cush. 133; *Braman v. Dowse,* 12 Cush. 227; *Jewett v. Draper,* 6 Allen 434; *Furnas v. Durgin,* 119 Mass. 500; Jones on Mortg., § 748; *Crawford v. Edwards,* 33 Mich. 354; *Urquhart v. Brayton,* 6 Rep. 601; *Atlantic Dock Co. v. Leavitt,* 54 N. Y. 38; *Trotter v. Hughes,* 2 Kern. 74; *Belmont v. Coman,* 22 N. Y. 438.

After the purchase by Sternberg at the sale under execution, the property was, in his hands, as much bound by 3. AGREEMENT TO ASSUME JUNIOR ENCUMBRANCE BY ONE WHO AFTERWARDS PURCHASES UNDER SENIOR. the deed of trust to Hammel as if he had himself executed that deed. This being so, Heim's deed of trust was, of course, subject to that of Hammel, and as Hammel's deed was recorded, and Heim's deed referred directly to the deed from Dette to Sternberg, which was also of record, Heim had notice that he was a junior incumbrancer, and that a purchaser at a sale under Hammel's trust deed would take the legal title subject to such rights only as he might have in equity as a junior mortgagee. The judgment of the circuit court must, therefore, be reversed and the cause remanded. The other judges concur.

REVERSED.