HANS NELSON *vs.* EDWARD G. ROGERS and another.

SAME *vs.* CHARLES E. FLANDRAU.

August 10, 1891.

Findings—Evidence.—Evidence *held* to sustain the findings of fact.

Conveyance—Assumption of Mortgage—Liability of Grantee.—*Brown* v. *Stillman*, 43 Minn. 126, followed, to the effect that, where the grantor in a conveyance containing a clause that the grantee assumes to pay an existing mortgage on the land is not personally bound for the mortgage debt, the clause will not create a personal liability of the grantee to the mortgagee.

In each of these cases the plaintiff appeals from a judgment of the district court for Ramsey county, entered on the decision of *Egan*, J.

*Pinch & Twohy* and *Wm. S. Moore*, for appellant.

*Flandrau, Squires & Cutcheon*, for respondents in each case.

GILFILLAN, C. J. These two cases are so closely connected, the second depending on the decision of the first, that they may be disposed of in one opinion. The appeals are from judgments in favor of the defendants.

The plaintiff conveyed certain real estate to one Diether, who, to secure a part of the purchase-money, executed to plaintiff two promissory notes, for $4,500 each, and a mortgage on the real estate. The actions are brought on the allegation of fact that the defendants Rogers and Bacon, having subsequently purchased and become the grantees of the real estate, in consideration of the conveyance to them, assumed and promised to pay said notes and mortgage, and for that purpose kept and retained in their hands $15,800 of the consideration on the sale to them; and that in the second case the defendant Flandrau, having purchased from Rogers and Bacon an undivided one-third of the real estate, assumed in the deed of conveyance to him to pay one-third of said notes and mortgage.

The documentary evidence, not stating the various instruments in chronological order, was as follows: March 17, 1887, a contract by plaintiff and wife to convey to Diether; June 7, 1887, the conveyance from plaintiff and wife to Diether; May 28, 1887, a contract by Diether to convey to Frank K. Bacon, (not defendant Bacon,) in which it is stipulated that the vendee shall assume said mortgage; June 15, 1887, the conveyance from Diether and wife to Frank K. Bacon, by the terms of which the grantee assumed and agreed to pay the mortgage; on same date a conveyance from Frank K. Bacon and wife to the defendants Rogers and Bacon, by which the real estate is conveyed subject to the mortgage, but which the grantees do not assume to pay; January 28, 1888, a conveyance from defendants Rogers and Bacon to the defendant Flandrau of an undivided one-third of the real estate, by the terms of which the grantee assumed and agreed to pay one-third of the mortgage.

The instruments do not support plaintiff's claim that, upon the conveyance to them, the defendants Rogers and Bacon assumed to pay his notes and mortgage. But the plaintiff claims that, notwithstanding what appears by the instruments, the contract of sale by Diether—the oral agreement which preceded the written contract to convey to Frank K. Bacon—was in fact made by Diether, or by his agents in his behalf, with the defendants Rogers and Bacon, for a conveyance to them; that by such oral agreement they assumed, or agreed to assume, to pay plaintiff's notes and mortgage; and on the trial he was permitted to prove the negotiations between Diether's agents and Rogers and Bacon. And the court below not only does not find that they orally agreed to assume the mortgage, but finds, in effect, that they refused to assume it, or to purchase the property if they were required to do so, and it is hard to see how the court could have found otherwise. It seems probable that Diether's instructions to his agents were to sell only on the condition that the vendee should assume the mortgage, and it may be conceded that the defendants were in fact the purchasers, and that the contract to convey was made to Frank K. Bacon as a means of selling to them, preserving the appearance of complying with Diether's instructions to his agents, without the defendants assuming any personal liability to plaintiff. If they did not assume his mortgage, it is immaterial to him by what device or evasion they avoided doing so. He had no rights, could have no rights, unless and until they agreed to assume his mortgage.

Upon the argument much was said about what was claimed to be the fraudulent character of the arrangement by which defendants Rogers and Bacon secured a conveyance to themselves, without incurring personal liability to plaintiff. Even had there been anything of that kind, it would have been no concern of the plaintiff. He could not be defrauded by it. No one was under any obligation to give him recourse for his debt to the grantee of Diether. If the latter was content—and he seems to have been—with what his agents did, no one else could complain. There can be no pretext in the evidence that any part of the consideration was retained for the purpose of paying plaintiff's mortgage.

The defendants Rogers and Bacon, the grantors of the defendant Flandrau, not being under a personal liability with respect to the mortgage, their land alone being bound, the clause in the conveyance to Flandrau by which he assumed and agreed to pay one-third of the mortgage must be construed with reference to that situation. As held in *Brown* v. *Stillman*, 43 Minn. 126, (45 N. W. Rep. 2,) where such are the facts, the clause operates only so far as the land is concerned, for it is only to that extent that the grantor is interested. Such a stipulation is presumed to be inserted primarily for the protection of the grantor. And it is only where payment of the debt as a personal obligation is necessary to his protection that the clause is to be construed as intended for the benefit of the mortgagee beyond his right of recourse to the land. Otherwise the obligation of the grantee to the mortgagee would be greater than his obligation to the grantor, his promisee.

Judgments in both cases affirmed.