Decided 19 December, 1898.

## YOUNG MEN'S ASSOCIATION *v.* CROFT.

[55 Pac. 489.]

AGREEMENT TO PAY MORTGAGE—DEEDS.—A grantee of mortgaged property who accepts a deed therefor reciting that he assumes and agrees to pay the mortgage debt is not personally liable therefor unless his immediate grantor was so bound*.

From Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by the Young Men's Christian Association, of Portland, to foreclose a real estate mortgage and to recover a personal decree against a grantee of the premises, who had assumed and agreed to pay the mortgage debt, notwithstanding his immediate grantors were

---

*NOTE.—The authorities on this subject are collected in a note to *Jefferson v. Asch* (Minn.), 25 L. R. A, 275, and 39 Am. St. Rep. 618. See, also, the following authorities: *Rice* v. *Sanders* (Mass.), 8 L. R. A. at page 316, 23 Am. St. Rep. 804; *Gifford* v. *Corrigan*, 15 Am. St. Rep. 508, 6 L. R. A. 610; *Hare* v. *Murphy* (Neb.), 29 L. R. A. 851; *Green* v. *Stone* (N. J. Eq.), 55 Am. St. Rep. 577; *Blood* v. *Crew Levick Co.* (Pa.), 55 Am. St. Rep. 742; *Hicks* v. *Hamilton* (Mo.), 66 Am. St. Rep. 431; *Enos* v. *Sanger* (Wis.), 37 L. R. A. 862, 65 Am. St. Rep. 38. Examine also *Knapp* v. *Connecticut Mutual Life Insurance Co.* (Fed.), 40 L. R. A. 861, *McKay* v. *Ward* (Utah), 57 Pac. 1024.—REPORTER.

not personally liable therefor. The facts are that one M. W. Gay, on October 19, 1889, being the owner of lots 7 and 8, in block 111, in Grover's Addition to Portland, executed a mortgage thereon to one W. G. Register, to secure the payment of his promissory note for $2,000, due in one year, with interest from said date at the rate of eight per cent. per annum, which note and mortgage on December 4, 1889, were assigned to plaintiff, which since that date has been, and now is, the owner and holder thereof; that on October 23, 1889, Gay conveyed said premises to Mary C. Hill and H. E. Bristow by a deed with warranty against all incumbrances except said mortgage, but they did not assume or agree to pay the debt thereby secured; that Mary C. Box — formerly Hill—and Thomas Box, her husband, and H. E. Bristow, on April 3, 1893, for the expressed consideration of $4,800, conveyed said lots to the defendant H. M. Cake by a deed containing a covenant of warranty against all incumbrances except said mortgage, "which," the *habendum et tenendum* clause thereof recites, "the said H. M. Cake assumes and agrees to pay;" that Cake, on June 18, 1894, conveyed said land to the defendant Mary E. Croft by a deed containing a similar covenant and exception, but she did not assume or agree to pay said debt. Default having been made in the payment of said note, this suit was instituted for the relief hereinbefore stated, and, the trial thereof resulting in a decree foreclosing said mortgage, and dismissing the suit as to the defendant Cake, plaintiff appeals.

Affirmed.

For appellant there was an oral argument by *Mr. Wallace McCamant*, with a brief over the name of *Snow & McCamant*, to this effect.

A vendee who assumes and agrees to pay a mortgage

on the land is personally liable for the mortgage debt, notwithstanding the fact that his vendor was not so liable : *Merriam* v. *Moore*, 90 Pa. St. 78 ; *Dean* v. *Walker*, 107 Ill. 540 (47 Am. Rep. 467); *Bay* v. *Williams*, 112 Ill. 91 (54 Am. Rep. 209, 1 N. E. 340); *Grand Island Ass'n* v. *Moore*, 40 Neb. 686 (59 N. W. 115); *Hare* v. *Murphy*, 45 Neb. 809 (64 N. W. 211, 29 L. R. A. 851); *Comstock* v. *Smith*, 26 Mich. 305 ; *Crawford* v. *Edwards*, 33 Mich. 354 ; *Rice* v. *Sanders*, 152 Mass. 108 (24 N. E. 1079, 8 L. R. A. 315, 23 Am. St. Rep. 804); *Hill* v. *Minor*, 79 Ind. 49 ; *Burke* v. *Abbott*, 103 Ind. 1 (1 N. E. 485, 53 Am. Rep. 474); *Fisk* v. *Clark*, 9 Utah, 94 (33 Pac. 248).

A contract of assumption of a mortgage is a contract to pay, and not simply a contract to indemnify : *Burbank* v. *Roots*, 4 Col. App. 197 (35 Pac. 275).

A party may sue on a contract made between two others for his benefit. The limitations to this doctrine have no application to a case where the plaintiff is a charitable corporation, or where a fund is left in the hands of the promisor for the fulfillment of his promise : *Baker* v. *Elgin*, 11 Or. 333 (8 Pac. 280); *Hughes* v. *Or. Ry. & Nav. Co.*, 11 Or. 437 (5 Pac. 206); *Schneider* v. *White*, 12 Or. 503 (8 Pac. 652); *Parker* v. *Jeffrey*, 26 Or. 186 (37 Pac. 712).

For respondent there was a brief and an oral argument by *Mr. William M. Cake.*

MR. JUSTICE MOORE, after stating the facts, delivered the opinion.

This appeal presents the single question whether the grantee of mortgaged premises, who accepts a deed thereto containing a recital to the effect that he assumes and agrees to pay the mortgage debt, is liable therefor

when his immediate grantor was not personally bound. The evidence tends to show that at the time Cake purchased the lots in question, he considered them worth about $3,600 ; that he paid, on account of the purchase, the sum of $150, and executed to Mary C. Hill and H. E. Bristow a deed of unincumbered real property, which he valued at about $1,500 ; and from these facts it is argued by plaintiff's counsel that the mortgage debt formed a part of the consideration of Cake's purchase, and having, by his acceptance of the deed, assumed and agreed to pay the said debt, his grantors thereby created a fund for plaintiff's benefit, of which Cake was trustee, and, this being so, the law supplies the want of privity of contract between him and the mortgagor by the fiction of an implied promise, which a court of equity will enforce.   Defendant's counsel insist, however, that, inasmuch as Mary C. Hill and H. E. Bristow were not personally liable for the payment of the mortgage debt, they did not become Cake's sureties by his assumption and agreement to pay it ; and hence, as against him, they could not be subrogated by any payment they might make, and, as the mortgagee could take no better title than they possessed, it cannot recover a personal judgment against Cake upon his covenant.

It is impossible to reconcile the conflict of judicial utterance upon the question under consideration, but we believe the weight of authority supports the principle for which defendant contends.   In *Parker* v. *Jeffery*, 26 Or. 186 (37 Pac. 712), the defendants Robinson Bros., having entered into a contract with the City of Portland for the construction of a sewer, stipulated that they "would pay all sums of money due at the completion of the work, or thereafter to become due, for material used in, and labor performed on, or in connection with, said

work," and to secure the faithful performance of this contract they executed a bond to the city, in which the defendants Jeffery and Bays joined as sureties. The plaintiff, having sold and delivered to Robinson Bros. material to be used in the construction of the sewer, and not having been paid therefor, commenced an action against said sureties to recover the amount so due him, and it was held that he could not recover, because it did not appear that the contract had been entered into directly and primarily for his benefit. To the same effect is the case of *Washburn* v. *Interstate Investment Co.*, 26 Or. 436 (36 Pac. 533, and 38 Pac. 620), in which Bean, C. J., says : "The prevailing doctrine in this country undoubtedly is that, where one person, as a consideration or part consideration for an executed contract, promises another, for a consideration moving from him, to pay or discharge some legal obligation or debt due from such other to a third person, the latter, although a stranger to the consideration, and not an immediate party to the contract, may maintain an action thereon, if it was made directly and personally for his benefit."

In *Brower Lumber Co.* v. *Miller*, 28 Or. 565 (52 Am. St. Rep. 807, 43 Pac. 659), in construing a clause contained in a bond given to the City of Portland for the faithful performance of the stipulations of a contract for making a street improvement, it was held, in effect, that, inasmuch as the city was not liable to the persons who sought to take advantage of the condition of the bond, there was no consideration for the stipulation to pay for the material used in or the labor performed upon the improvement. The conclusion arrived at in that case seems to have been based upon the rule announced by Mr. Justice Allen, in *Vrooman* v. *Turner*, 69 N. Y. 280, in which he says : "To give a third party, who may derive a benefit from the performance of the promise, an

action, there must be—First, an intent by the promisee to secure some benefit to the third party ; and, second, some privity between the two, the promisee and party to be benefited, and some obligation or duty owing from the former to the latter, which would give him a legal or equitable claim to the benefit of the promise, or an equivalent from him personally." In *King* v. *Whitely*, 10 Paige 465, it was held that, where the grantor of mortgaged premises is not personally liable for the payment of the debt thereby secured, the person to whom he conveys the land by a deed, which recites that the grantee assumes the payment of the debt as a part of the consideration, is not liable to the holder of the mortgage for any deficiency that might exist upon a sale of the premises under a foreclosure of the mortgage. See, also, as illustrating this principle : *Trotter* v. *Hughes*, 12 N. Y. 74 (62 Am. Dec. 137); *Vrooman* v. *Turner*, 69 N. Y. 280 ; *Pardee* v. *Treat*, 82 N. Y. 385 ; *Garnsey* v. *Rogers*, 47 N. Y. 233 (7 Am. Rep. 440); *Carrier* v. *Paper Co.*, 73 Hun. 287 (26 N. Y. Supp. 414); *Spencer* v. *Spencer*, 95 N. Y. 353 ; *Carter* v. *Holahan*, 92 N. Y. 498 ; *Brown* v. *Stillman*, 43 Minn. 126 (45 N. W. 2); *Nelson* v. *Rogers*, 47 Minn. 103 (49 N. W. 526) ; *Jefferson* v. *Asch*, 53 Minn. 446 (25 L. R. A. 257, 39 Am. St. Rep. 618, 55 N. W. 604); *Crowell* v. *Hospital of St. Barnabas*, 27 N. J. Eq. 650 ; *Arnaud* v. *Grigg*, 29 N. J. Eq. 482 ; *Norwood* v. *De Hart*, 30 N. J. Eq. 412 ; *Mellen* v. *Whipple*, 1 Gray, 317 ; *Osborne* v. *Cabell*, 77 Va. 462 ; *Keller* v. *Ashford*, 133 U. S. 610 (10 Sup. Ct. 494); *Morris* v. *Mix*, 4 Kan. App. 654 (46 Pac. 58); *New England Trust Co.* v. *Nash*, 5 Kan. App. 739 ; *Ward* v. *De Oca*, 120 Cal. 102 (52 Pac. 130); *Hicks* v. *Hamilton*, 144 Mo. 495 (66 Am. St. Rep. 431, 46 S. W. 32) .

Where the grantor is in equity bound to pay the debt as his own, the covenant of his grantee to discharge the

obligation constitutes a promise made for the benefit of the holder of the mortgage, which he may enforce, although the primary object of the grantor in exacting the covenant was to protect himself against his personal liability for the debt, which was a charge upon the mortgaged premises : *Burr* v. *Beers*, 24 N. Y. 178 (80 Am. Dec. 327); *Pardee* v. *Treat*, 82 N. Y. 385; *Biddel* v. *Brizzolara*, 64 Cal. 354 (30 Pac. 609); *Williams* v. *Naftzger*, 103 Cal. 438 (37 Pac. 411).

In Pennsylvania, however, a different conclusion has been reached by the courts, which hold that a grantor, although not personally liable for the payment of a mortgage debt, may direct how the purchase money shall be paid; and, if the grantee of the premises agrees to pay according to such directions, he will be liable on his covenant : *Merriam* v. *Moore*, 90 Pa. St. 78. The rule adopted in Pennsylvania and some other states seems to be founded on the maxim that "equity regards as done what ought to be done," the application of which treats the land purchased as money, and the grantee, having agreed, as a part of the consideration, to pay the debt, is liable on his covenant to the holder of the mortgage for the faithful disposition of the fund which has been placed in his hands by the grantor for the purpose of discharging the incumbrance. If this theory be correct, and the mortgagee has a claim in equity upon the fund, it would seem to follow, from the adoption of the maxim, that a conveyance of the legal title must necessarily discharge the mortgage, and the holder thereof, having lost his lien thereby, is obliged to resort for indemnity to the fund which takes the place of his security. The transfer of the title to the premises, however, does not discharge the mortgage thereon; and, the holder of the lien not having parted with his security nor incurred any loss in consequence of the conveyance, it would seem to

follow that he could have no claim whatever against the grantee who had assumed and agreed to pay the mortgage debt. When default is made in the payment of said debt, the incumbrance on the premises remains intact, and, this being so, the land was never converted into money, and the theory that the purchase price in the hands of the grantee constitutes a fund for the purpose of discharging the incumbrance is unfounded; thus showing that the maxim involved is inapplicable.

A conveyance of mortgaged land by a grantor who is not personally liable for the payment of the debt thereby secured, is not equivalent to remitting money to another with a request that he pay it over to the holder of the mortgage in satisfaction of the incumbrance, in consideration of which the grantee assumes and agrees to pay such debt. The error in the conclusion, by which the grantee under such circumstances is held personally liable on his covenant, seems to lie in the adoption of theory as the major premise, instead of basing the reasoning upon the facts involved. If the grantor, however, is personally liable for the payment of the mortgage debt, it is but reasonable to suppose that when he conveys the premises, which are subject to the lien, he would seek indemnity for his own benefit, and insist that the person to whom he sold the land should assume and agree, as a part of the consideration, to pay the debt which was a charge thereon, and the grantee, having accepted a deed poll containing such a covenant, becomes personally liable for the payment of said debt; but this covenant must necessarily inure to the grantor for whose benefit it was made, rather than to the holder of the mortgage, who has given no consideration whatever for the additional assurance which he thus obtains by reason of the grantee's covenant. In foreclosing the mortgage such grantee is

a necessary party in order to bar his equity of redemption, and the court, having obtained jurisdiction of his person, will, in order to avoid a circuity of remedies, enforce his covenant, not for the benefit of the holder of the mortgage, but to protect the grantor from any personal judgment that may be rendered against him : *Osborne* v. *Cabell*, 77 Va. 482. Mary C. Hill and H. E. Bristow, not being personally liable for the payment of said debt, were not benefited by Cake's covenant, and, if any benefit was intended to be derived therefrom, plaintiff must have been the recipient thereof ; but, under the recent decisions of this court, which we think are founded in reason and supported by the weight of authority, something more than an intended benefit is required to give force to the implied promise, and, as no personal debt was due Cake's grantors, he incurred no personal liability to plaintiff by his covenant, and hence it follows that the decree is affirmed.

                                                AFFIRMED.

---

Decided 14 September; rehearing denied 19 December, 1898.