## CENTRAL ELECTRIC CO. v. SPRAGUE ELECTRIC CO.

(Circuit Court of Appeals, Seventh Circuit.    October 7, 1902.)

### No. 835.

**1. CONTRACTS—DEBTS OF THIRD PERSON—PAYMENT—PRIVITY.**

An indirect interest in the performance of an undertaking by defendant to pay the debts of a third person does not constitute sufficient privity to entitle a creditor to maintain an action at law thereon.

**2. FEDERAL COURTS—FORM OF ACTION—PAYMENT OF DEBT OF THIRD PERSON —WHAT LAW GOVERNS.**

Whether the remedy to enforce a contract for the payment of the obligations of a third person in the federal courts is by suit in equity or by action at law is dependent on the law of the forum.

**3. SAME.**

Where a corporation, on purchasing the assets of another corporation, contracted to pay the latter's debts, a creditor of the vendor corporation was entitled to sue the vendee at law to recover the debt.

**4. SAME—CORPORATIONS—EVIDENCE.**

Where, in an action by a creditor of a corporation which had transferred its assets to defendant, plaintiff claimed that defendant had contracted to pay the debts of the vendor, but the minutes of the resolution by defendant evidencing such agreement were not produced, and the only witness thereto testified that the minutes showed a transfer of the property, but that he was not certain as to the liabilities and obligations, except that defendant paid certain liabilities for goods purchased, the evidence was insufficient to establish the agreement.

**5. SAME—BEST EVIDENCE—FAILURE TO PRODUCE.**

Where plaintiff claimed that defendant corporation had agreed to pay the obligations of another corporation, whose assets defendant had acquired, the fact that defendant's minutes showing such agreement were in another state did not relieve plaintiff from the duty to produce such minutes, or a certified copy thereof, as the best evidence of such agreement.

**6. SAME—STATEMENTS OF OFFICERS.**

Statements of officers of a corporation that the company had agreed to pay the obligations of another corporation, whose assets it had acquired, were incompetent to show such agreement.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The defendant in error (plaintiff below) brought its action at law in assumpsit to recover of the plaintiff in error (defendant below) for certain goods sold and delivered. To this there was a plea of the general issue, with notice of set-off to the effect that, prior to the organization of the defendant in error, the plaintiff in error was accustomed to purchase goods from the Interior Conduit & Insulation Company, which company had agreed to take back and credit upon its account, at the cost price, all goods which the plaintiff in error might purchase, and which it was unable to sell or which should become unsalable, and that from the years 1894 to 1898 it so purchased of the conduit company goods which had proved unsalable, and by reason thereof it had a claim against the conduit company which it sought to set off against the claim of the defendant in error; that in February, 1898, the defendant in error was organized as a corporation, and took over all the property of the conduit company acquired in its business, and its good will, and assumed all its contracts and liabilities. At the trial, evidence was introduced by the plaintiff in error to sustain its claim with respect to the set-off against the conduit company, and it undertook, by consent, under an insufficient notice to produce, to show the contents of a resolution of the defendant in error with respect to an alleged assumption by it of the liabilities of the conduit company. A former secretary and treasurer

testified that the defendant in error acquired and continued the business of the conduit company, and that a certain resolution was adopted with respect to the assumption of certain liabilities of the conduit company; that it provided for the assumption of the executory contracts of the conduit company, and the payment of such debts of that company as were exhibited upon its books, and not otherwise; but he did not remember, and could not state, whether that resolution provided for the assumption of all of the indebtedness of the conduit company. It was also shown by the evidence of McKinlock, the president of the plaintiff in error, that in February, 1898, after the organization of the defendant in error, Mr. Johnson, the former president of the conduit company, and then the vice president of the defendant in error, stated that the property and assets of the conduit company had been taken over by the Sprague Electric Company, and that the latter company was to pay the obligations of the conduit company. There was evidence tending to establish the claim of set-off of the plaintiff in error against the conduit company.

At the conclusion of the testimony the court excluded all the evidence offered on the defendant's claim to a set-off, and submitted the case to the jury upon the claim of the defendant in error, who returned a verdict in its favor.

John M. Hamline, for plaintiff in error.

Wm. Brace, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is an undoubted general principle that, to sustain an action at law upon a contract, privity of contract is necessary (National Bank v. Grand Lodge, 98 U. S. 123, 25 L. Ed. 75), and an indirect interest in the performance of an undertaking does not constitute such privity (Keller v. Ashford, 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667). There are, however, exceptions to the rule—as where the plaintiff is the sole beneficiary of the promise, or where assets have been acquired by the promisor which in equity belong to another, or where the promise is to pay the plaintiff. There are other exceptions noted in the books.

It is settled in the federal courts that whether the remedy in such cases is in equity or at law is dependent upon the law of the forum. Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210; Union Mutual Life Insurance Company v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437, 36 L. Ed. 118; Willard v. Wood, 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531. It is needful, therefore, to inquire whether by the law of the state of Illinois a remedy at law is afforded.

The nature of the claim here presented should be precisely apprehended. The plaintiff in error asserts itself to be a creditor of a corporation which transferred all its assets to the defendant in error; the latter, as is claimed, assuming all its contracts and obligations.

It has been ruled by the Supreme Court of Illinois that if one, upon consideration, promises another to pay that other's debt to a third person, an action at law may be maintained by the third person upon the promise (Brown v. Strait, 19 Ill. 88; Beasley v. Webster, 64 Ill. 465; Steele, Administrator, v. Clark, Administrator, 77 Ill. 474; Chicago & A. R. R. Co. v. Coal Co., 79 Ill. 126), and that a mortgagee may sue at law the grantee of the mortgaged premises, who has

assumed the debt, the latter becoming primarily liable (Thompson v. Dearborn, 107 Ill. 92; Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467; Webster v. Fleming, 178 Ill. 140, 52 N. E. 975; Harts v. Emery, Executor, 184 Ill. 560, 56 N. E. 865). The ruling in these cases proceeds upon the ground that the promise is to pay a specified debt, and to a determinate person; but that court would seem to still hold to the doctrine that a stranger to the contract, who is to derive only an incidental benefit therefrom, cannot maintain an action thereon at law. Crandall v. Payne, 154 Ill. 627, 39 N. E. 601. It may not, however, be denied that the cases of Shober & Carqueville Lithographing Co. v. Kerting, 107 Ill. 344, and Schmidt v. Glade, 126 Ill. 485, 18 N. E. 762, go far to sustain the proposition that in the state of Illinois, where one has agreed, for a consideration, to pay all the debts of another, a creditor of the latter may maintain an action at law upon the promise against the former, notwithstanding that the specific debt is not stated in the promise. In the former case a corporation purchasing the business of the firm as part of the consideration of the transfer, assumed its debts and liabilities. It was held that a creditor of the firm could have his action at law for his debt against the corporation. In the latter case a surviving partner purchased the firm property, agreeing to pay the debts of the firm; and he was held liable at law to the executor of the deceased partner for the indebtedness of the firm to the deceased partner appearing upon the firm's books, notwithstanding he had paid to the executor the amount agreed upon for the transfer of the interest of the deceased. The doctrine of these cases would seem to be somewhat shaken by the later holding in Crandall v. Payne, and the line of demarcation between the rule and the exception to be not well defined. In this state of the law, we assume, for the purposes of this case, that in the state of Illinois an action at law may be maintained by a creditor upon the promise of a third person to the debtor, grounded upon consideration, to pay all the debts of the debtor, and that therefore this action at law may be maintained if there has been shown such a promise.

The assumption of an obligation by a corporation must be the act of its board of directors, and its action is manifested by resolution spread upon its records. The minutes constituted, necessarily, the best evidence of such promise. Secondary evidence may be resorted to upon failure after due notice to produce the record, but that secondary evidence must speak to the language of the promise. The question here is, therefore, whether any evidence was introduced, competent to go to the jury, of the character of the promise. It was incumbent upon the plaintiff in error to show the nature of that resolution and promise. It attempted so to do by calling one who may be termed an unwilling witness, but that is of no moment; the character of the resolution and promise being not disclosed. The witness stated that the proceedings covering the acquirement of the property by the defendant in error were embodied in certain minutes contained in its minute book; that these minutes showed that the executory and official contracts of the conduit company were accepted, but the witness was not certain as to the liabilities and obligations;

that the defendant in error paid certain of the liabilities of the conduit company for goods purchased, and which appeared upon the books of the conduit company, but not otherwise, but that he could not remember that the minutes provided that the defendant in error should pay all the liabilities of the conduit company; that he was not certain about it. This is substantially all the evidence touching the minutes which are said to contain the supposed promise. It is suggested that the witness sought to avoid disclosure of the nature of the resolution or promise contained in the minutes; but, if that was so, it could not avail the plaintiff in error. It was bound to show the nature of the transaction. It failed to show that the promise comprehended the payment of debts (especially of disputed claims), and if the witness prevaricated, and, knowing the nature of the promise, failed to disclose its character, the plaintiff in error was not thereby relieved of its duty to prove the nature of the promise; and, because the witness prevaricated (if he did), it was not for the jury to guess its character. The way was open by proper proceeding to cause the production of the original minutes, or to obtain a certifi copy of them; and the plaintiff in error was not relieved from its duty in that regard by the fact that, to produce such testimony, it was necessary to go to the home of the defendant in error, in another state.

The evidence of the witness McKinlock, the president of the defendant in error, to the effect that the former president of the conduit company, and then the vice president of the defendant in error, declared to him that the latter company was to pay the obligations of the conduit company, cannot be considered. The corporation could only be bound by its corporate act, and not by the declaration of its officer. The statement was not with respect to the contents of the minutes. It was not in the nature of secondary evidence, and there was no proof of his authority to bind the corporation by his declaration.

We are of opinion, therefore, that there was no proper evidence to submit to the jury from which it could justly say that there was here a promise to pay all the obligations of the conduit company.

The judgment will be affirmed.