## DUVALL–PERCIVAL TRUST CO. v. JENKINS et al.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1926.)

No. 7325.

1. Mortgages ⬤⟞280(4)—Grantee, assuming mortgage debt, is liable therefor, though his grantor was not.

Under the law of Missouri, as by the general weight of authority, a grantee of mortgaged premises, who as part consideration assumes and agrees to pay the mortgage debt, is liable therefor to the mortgagee, though his grantor did not assume and was not liable; especially is this true when he has been accepted as debtor by the mortgagee and has made payments.

2. Mortgages ⬤⟞280(1)—Law of state of contract, and where land is situated, governs liability of grantee assuming mortgage debt.

Where a mortgage is executed and the debt is payable in the state where the mortgaged premises are situated, the law of that state governs the rights and liabilities of the parties, including a subsequent grantee, who assumes the mortgage debt.

3. Action ⬤⟞17—Whether suit against grantee assuming mortgage debt is one at law or in equity is determined by law of forum.

Whether a suit against a grantee who assumed a mortgage debt to enforce his liability for a deficiency judgment is one at law or in equity depends on the law of the forum.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by the Duvall-Percival Trust Company against John H. Jenkins and others. Judgment for defendants, and plaintiff brings error. Reversed, with directions.

W. O. Jackson, of Butler, Mo., and James G. Sheppard, of Ft. Scott, Kan., for plaintiff in error.

P. Louis Zickgraf, of Pittsburg, Kan., for defendants in error.

Before STONE and LEWIS, Circuit Judges, and SYMES, District Judge.

LEWIS, Circuit Judge. The trial court sustained a demurrer to the complaint, exception was saved to that ruling and plaintiff has brought the case here. We summarize the facts pleaded, admitted by demurrer, as the basis of defendants' asserted liability: (1) The plaintiff is a Missouri corporation having its principal place of business at Butler, Missouri; (2) the defendants are citizens and residents of Kansas; (3) on January 10, 1918, Arch W. Beamer and wife owned the

S. E. ¼ of Sec. 3, Town. 30, R. 33, Barton County, Missouri, on that day they gave plaintiff their $5,000 promissory note due March 1, 1925, bearing interest from March 1, 1918, payable annually, payments of both principal and interest to be made at the office of Duvall-Percival Trust Company in Butler, Missouri, and to secure payment of said principal sum and interest Beamer and wife at the same time executed and delivered a deed of trust on said land, with power of sale in the trustee on default in said payments; (4) thereafter on January 17, 1919, Beamer and wife conveyed said quarter section by warranty deed to Mattie E. Roberts, subject to the $5,000 mortgage; (5) thereafter H. A. Beck and wife became the owners of the quarter section and assumed in the deed to them payment of said mortgage debt; (6) thereafter Beck and wife by warranty deed conveyed the quarter section to defendants, which deed recited, "Subject to deed of trust for $5,000 with interest at 7 per cent. which second party (Jenkins and wife) assumes and agrees to pay;" (7) the defendants, after the conveyance to them, insured the house and buildings on the land for the benefit of plaintiff as mortgagee, the policy providing that insurance be applied on payment of the mortgage indebtedness in case of loss (this was required by the deed of trust), and defendants paid to plaintiff one installment of interest on the indebtedness and they were accepted by plaintiff as its debtors; (8) all of said deeds, contracts, agreements and promises were made in the State of Missouri; (9) there was default in the payment of said $5,000 note and part of the interest, the trustee named in the deed of trust refused to act, and the substituted trustee sold the land in accordance with the terms of the deed of trust, credited the amount received from the sale on the note, and $3,973.01 thereof remained unpaid, for which sum with interest plaintiff asked judgment.

[1] In the deed from Beamer to Roberts the grantee did not assume and agree to pay the mortgage debt; and in many jurisdictions, including Kansas where this suit was instituted, it is held that no subsequent grantee would be personally liable to the mortgagee for the debt, although the deed to the subsequent grantee might contain an assumption clause. Colorado Savings Bank v. Bales, 101 Kan. 100, 165 P. 843; Nelson v. Rogers, 47 Minn. 103, 49 N. W. 526; Eakin v. Shultz, 61 N. J. Eq. 156, 47 A. 274; Y. M. C. A. v. Croft, 34 Or. 106, 55 P. 439, 75 Am. St. Rep. 568; Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842.

These cases, and others like them, are based on the principle that the effect of the assumption clause is to make the grantee the principal debtor and his grantor a surety for the payment of the mortgage debt (Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667; Union Mut. Life Ins. Co. v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118; Johns v. Wilson, 180 U. S. 440, 21 S. Ct. 445, 45 L. Ed. 613), and that where the grantor is not personally liable to the mortgagee, the assumption clause in a deed which he may make is without any effect, because there was no liability on his part which his grantee could assume. The contract of the grantee when valid is to indemnify the grantor. Williston on Contracts, §§ 480–486, treats the subject, and on this point says: "The promisee (grantor) has no interest in the performance of this promise, since he is not personally liable for the debt, and he is no longer the owner of the premises. * * * The decisions which generally deny the mortgagee a right to recover in such a case, therefore, seem sound;" and he cites cases in support of his conclusion, and also many that hold to the contrary. Some of the latter are the following: Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907; Marble Sav. Bank v. Mesarvey, 101 Iowa, 285, 70 N. W. 198; Hare v. Murphy, 45 Neb. 809, 64 N. W. 211, 29 L. R. A. 851; Enos v. Sanger, 96 Wis. 150, 70 N. W. 1069, 37 L. R. A. 862, 65 Am. St. Rep. 38; McDonald v. Finseth, 32 N. D. 400, 155 N. W. 863, L. R. A. 1916D, 149; and McKay v. Ward, 20 Utah, 149, 57 P. 1024, 46 L. R. A. 623. In the last two the subject is fully reviewed and authorities pro and con cited. These cases, and others like them, go upon the theory that the assumption of the debt by the grantee is for the benefit of the mortgagee, and if it be made on a valid consideration and the mortgagee accepts the grantee as his debtor the fact of personal non-liability of his grantor for the debt is wholly immaterial. A contractual relation between mortgagee and grantee was thus brought about. The divergence is of long standing, has been persistent, and the two rules stand out in clear contrast. There may be, there is, sharp controversy as to which of the two is founded on the better reason; but each is firmly established and it would be hard to say that either is in conflict with a settled principle of general jurisprudence, to which it ought to yield in this jurisdiction. We think there can be no doubt that Missouri is committed to the rule maintained by the cases last cited. Its supreme court, long prior to the transaction here involved, held in Hicks v. Hamilton, 144 Mo. 495, 46

S. W. 432, 66 Am. St. Rep. 431, that where there was an omission of the assumption clause in the chain of title no subsequent grantee becomes personally liable to the mortgagee, although his deed contains that clause. The syllabus in that case fully states the court's conclusion:

"A grantee of mortgaged premises, whose conveyance recites that he assumes and agrees to pay the mortgage debt, is not liable for a deficiency arising on a foreclosure of the mortgage, where his grantor was not liable."

That conclusion was in line with the cases first cited above, and was based on the same reason which they set forth. The same question came before that court again two years later in Crone v. Stinde, supra, and the court held that the opinion in the Hicks Case was a departure from the rule which had been established in that State at an early date, and in reference thereto said:

"We are unable to appreciate the position of the distinguished judge who wrote the opinion in that case, with respect to there being a want of consideration in the promise by the defendant therein to pay the mortgage debt. While it is true that the interest sold was but an equity, it was sold to defendant for a stipulated price, and whether of little or much value it formed a valuable consideration for the promise for the payment of the money to the person who held the debt, who showed his acceptance of the benefit of the promise by bringing suit upon it. Nor do we think that an action cannot be maintained by a person for whose benefit a contract is made by others upon a valuable consideration, although he is not a party thereto, provided he adopts it. The consideration passing between the two contracting parties, by which one of them promises to pay to a third, is just as available to the beneficiary as if he himself had paid the consideration. The case is not only in conflict with all the decisions of this court, with the exception stated, but is directly in conflict with Heim v. Vogel [69 Mo. 529] and Fitzgerald v. Baker, supra [70 Mo. 685] and should be overruled. That there are many authorities which hold in accordance with the views expressed in the Hicks Case, we concede, but we prefer to be governed by our own adjudications which announce a rule more in harmony with right and justice and the spirit of our laws. Besides we are in line with the great weight of authority which we think supported by the better reason."

[2] That opinion was rendered in February, 1900, and it is not claimed that the Supreme Court of Missouri has receded from the position taken in that case, nor that since that time it has changed or modified the rule there announced. It is alleged that the deed to the defendants, in which they assumed payment of the mortgage debt, was executed in the State of Missouri, and it seems clear that the contractual obligations which the defendants therein assumed were to be performed and discharged in that State. It is further alleged that defendants executed in part the obligation which they assumed, and were accepted by plaintiff as its debtors. The interpretation of a contract, and the obligations which it imposes, are ascertained and fixed by the place of its performance, and where the place of performance is not stated or ascertainable from the contract and the subject-matter dealt with, then by the place where it is made. The debt to the plaintiff which the defendants assumed to pay in the deed to them was payable to the plaintiff at Butler, Missouri. The contract, then, which they assumed, was made in Missouri and was to be performed in that State, and under the law of that State they were obligated by their contract of assumption to pay the debt. And this obligation, it is argued, is enforceable in the Federal courts. Scudder v. Union Nat. Bank, 91 U. S. 406, 23 L. Ed. 245; Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104; Coghlan v. R. R. Co., 142 U. S. 101, 12 S. Ct. 150, 35 L. Ed. 951; Hall v. Cordell, 142 U. S. 116, 12 S. Ct. 154, 35 L. Ed. 956; Owen v. Giles (C. C. A.) 157 F. 825, 829; 12 C. J. pp. 449, 450; 22 Am. & Eng. Ency. of Law (2d Ed.) pp. 1322, 1325. In Pritchard v. Norton, supra, it appears that Pritchard had executed in Louisiana an appeal bond in a case which had been tried in a court of that State and taken to its supreme court. Norton gave Pritchard a contract of indemnity, executed in New York, on his liability on the appeal bond. The Supreme Court of Louisiana affirmed the judgment on appeal and Pritchard was required to pay it. His executrix then sued Norton on his contract of indemnity in the United States Circuit Court for the District of Louisiana. Norton contended that his contract of indemnity was void under the rule of the State in which it was made. Mr. Justice Matthews, speaking for the court, said:

"So that it is clear, beyond any doubt, that the obligation of the indemnity was to be fulfilled in Louisiana, and, consequently, is subject, in all matters affecting its construction and validity, to the law of that locality. * * * We do not hesitate, therefore, to decide that the bond of indemnity sued on was entered into with a view to the law of Louisiana as the place for the fulfillment of its ob-

ligation; and that the question of its validity, as depending on the character and sufficiency of the consideration, should be determined by the law of Louisiana, and not by that of New York."

We think the plaintiff's contention is sound and that the court erred in sustaining the demurrer.

[3] The case was brought here by the writ providing for the removal of actions at law, and it must have been regarded as an action on the law side by the trial court, and not a suit in equity. That also has been a subject of controversy and disagreement—whether the plaintiff's remedy on the facts stated, is at law or in equity. Under the rule maintained by the courts in the cases first cited, it would seem clear that the mortgagee must resort to equity for relief. By that rule there is no direct personal liability of the grantee to the mortgagee. The latter has only an equitable right against the grantee based on the relation of suretyship between him and his grantor—a right of subrogation. Keller v. Ashford, supra; Union Mut. Life Ins. Co. v. Hanford, supra; Johns v. Wilson, supra. Under the rule maintained by the courts in the other line of cases, it would seem equally clear that the mortgagee can sue the grantee in debt or assumpsit; for there is a direct personal liability from the latter to the former to pay the debt, arising from contract. Central Elec. Co. v. Sprague Elec. Co. (C. C. A.) 120 F. 925; Starbird v. Cranston, 24 Colo. 20, 48 P. 652; Pomeroy's Eq. Jurisp. §§ 1206, 1207. This seems to have been the unquestioned form of action in Colo. Sav. Bank v. Bales, supra, and a judgment for plaintiff in that case would have been sustained had the proof shown that the grantee was bound. In this case the defendants are bound on their contract. The law of the forum controls the form of remedy. Johns v. Wilson, supra; Willard v. Wood, 135 U. S. 309, 10 S. Ct. 831, 34 L. Ed. 210; Le Roy v. Beard, 8 How. 451, 12 L. Ed. 1151.

We think the judgment of dismissal should be reversed with direction to overrule the demurrer and let the defendants answer.

It is so ordered.

STONE, Circuit Judge (dissenting). I am very much impressed with the reasoning in the opinion of Judge LEWIS and if this were a question of first impression I would agree with his conclusions. However, I cannot escape the conviction that this very matter has been ruled by the Supreme Court and, so believing, I have no choice and must accept that rule, as I understand it.

In Union Mutual Life Insurance Co. v. Hanford, 143 U. S. 187, at page 190, 12 S. Ct. 437, 438 (36 L. Ed. 118), the Supreme Court held, in a similar case, that:

"The question whether the remedy of the mortgagee against the grantee is at law and in his own right, or in equity and in the right of the mortgagor only, is, as was adjudged in Willard v. Wood, above cited, to be determined by the law of the place where the suit is brought."

Earlier opinions of that court to the same effect are Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667, and Willard v. Wood, 135 U. S. 309, 10 S. Ct. 831, 34 L. Ed. 210. Also, see Willard v. Wood, 164 U. S. 502, 518, 525, 17 S. Ct. 176, 41 L. Ed. 531. Johns v. Wilson, 180 U. S. 440, 447, 448, 21 S. Ct. 445, 45 L. Ed. 613; Central Electric Co. v. Sprague Electric Co. (C. C. A.) 120 F. 925, 926 (7th Circuit); Adams v. Shirk (C. C. A.) 105 F. 659, 661 (7th Circuit); and Gibson v. Victor Talking Machine Co., 232 F. 225 (New Jersey District Court, where Judge Haight reviews the decisions and discusses the matter fully) and Pennsylvania Steel Co. v. New York City Railway Co. (C. C.) 189 F. 661, 666 (Circuit Court, New York).

The holding of the Kansas State Supreme Court is that the liability of a purchaser under an assumption contract, such as contained in this deed to defendants, occupies the position of a surety and that where his principal is under no legal obligation to pay the debt, the surety cannot be held. Colorado Savings Bank v. Bales, 101 Kan. 100, 165 P. 843.

Therefore, thinking that the above decisions sustain the trial court in the judgment entered, I think that such judgment should be affirmed.