# ELIZABETH MORSTAIN v. WILLIAM A. KIRCHER.[1]

November 3, 1933.

No. 29,636.

*Smith, Callahan & Carlson* and *Edward J. Kotrich,* for appellant.
*C. C. Champine,* for respondent.

*HILTON, Justice.*

Defendant appealed from a judgment of the municipal court of Minneapolis in the sum of $432.07.

[1]Reported in 250 N. W. 727.

Frances V. Brown and Thomas W. Brown, husband and wife, were the owners of certain real estate in Hennepin county. On May 4, 1928, they executed and delivered to plaintiff their promissory note for $400, payable in two years from date. The note was secured by a mortgage on the property. On June 12, 1928, the Browns conveyed the premises by warranty deed to defendant, subject to said mortgage, and as part of the consideration defendant assumed and agreed to pay the note and mortgage. Defendant, after the conveyance to him, paid two instalments of interest to plaintiff. Later, and on November 1, 1928, defendant reconveyed the premises to the Browns by warranty deed for $15, subject to the mortgage.

Plaintiff commenced this action in April, 1931, to recover the amount due and unpaid on the note. At no time had any proceedings been instituted to foreclose the mortgage, nor any other action to collect on the note. The trial court made findings in which the salient facts were as above set forth. As a conclusion of law the judgment above referred to was ordered and was duly entered on February 24, 1933. The only question involved is as to the correctness of the conclusion of law. Defendant's contention is that because of his reconveyance of the land to the Browns his liability was extinguished.

It is settled law in this state that where a purchaser of mortgaged property from the mortgagor assumes and agrees to pay the mortgage he becomes personally liable therefor to the mortgagee, who may enforce it in an appropriate action. The right of the mortgagee is purely a personal one and may be enforced without a foreclosure of the mortgage. 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6294, and cases cited. The assumption of the mortgage debt by the grantee (defendant) was primarily for the protection of his grantors (the Browns). Nelson v. Rogers, 47 Minn. 103, 49 N. W. 526. It was also secondarily for the benefit of the mortgagee, and had there been no reconveyance to the mortgagors, plaintiff could have recovered in this action.

By accepting a reconveyance of the property under the circumstances in this case the Browns released defendant from any obli-

gation to them. Manifestly they could not successfully maintain an action against defendant on his assumption agreement. Neither can their mortgagee. She paid no consideration for defendant's agreement to pay the mortgage debt, nor had she in reliance on the assumption contract placed herself in a position from which she could not retreat without loss. Plaintiff here was a creditor beneficiary. In Am. L. Inst. Restatement, Contracts, § 143, it is said:

"A discharge of the promisor by the promisee in a contract or a variation thereof by them is effective against a creditor beneficiary if, (a) the creditor beneficiary does not bring suit upon the promise or otherwise materially change his position in reliance thereon before he knows of the discharge or variation, * * *."

. This rule, as applied to the facts in this case, is a sound and just one and is supported by many well considered cases. See 21 A. L. R. p. 462, et seq. See also 1 Williston, Contracts, § 397.

Plaintiff now is in no worse position than she was when the note and mortgage were given. The property is again in the ownership of the Browns; the mortgage still remains a subsisting lien thereon; plaintiff may foreclose on the mortgage and also has the right to recover in a suit upon the note against the makers thereof.

Judgment reversed.