HAL. W. NEISWANGER v. DORSEY McCLELLAN.

STATUTE OF FRAUDS—*Assumption of Debt of Third Person.* A pur-
chaser who accepts a conveyance of real property reciting that there
is a mortgage lien thereon, which the purchaser assumes to pay, can-
not avoid the payment of such lien by a claim that it was a verbal
promise to pay, and void by the statute of frauds.

*Error from Osborne District Court.*

THE case is fully stated in the opinion.

*Walrond, Mitchell & Heren,* for plaintiff in error.

Opinion by SIMPSON, C.: The defendant in error sued the
plaintiff in error in the district court of Osborne county to
recover the sum of $381, with interest at 7 per cent. from
March 1, 1887. He alleged in his petition that on the 1st
day of February, 1887, he sold and conveyed to the plaintiff
in error lot 6, in block 6, in the town of Bloomington, in said

county, and a small stock of goods and merchandise; that as a part consideration for the lot and goods so sold, the plaintiff in error agreed to pay a certain note given by W. H. Snyder to S. S. Warren, secured by mortgage on lot 6, the payment of which the defendant in error had assumed and was bound to pay; that said note was past due at the time of the sale from defendant in error to plaintiff in error, and judgment had been obtained on it and said lot ordered sold; that the plaintiff in error had paid all the purchase-price of said lot and goods except the note secured by mortgage on said lot; that Warren caused said lot to be sold, but he only realized on the sale the sum of $89, and the defendant in error was compelled to and did pay the balance of said judgment, amounting to the sum sued for. The plaintiff in error filed an answer generally denying all the allegations in the petition. Trial was had at the October term, 1887, and the material facts are recited in the following findings of the district court:

"FINDINGS OF FACT.

"1. On the 1st day of May, 1886, the plaintiff became the owner of lots 6 and 7, in block 6 of the town-site of Bloomington, county of Osborne, state of Kansas, by purchase of the same by deed of conveyance of same by W. H. Snyder and S. C. Snyder, his wife, A. D. Booze and L. Booze, his wife. In said deed of conveyance it was stipulated that the plaintiff, Dorsey McClellan, should assume the payment of the mortgage of $375, with interest from that date; that on the 26th day of February, 1887, in an action then pending in the district court of said Osborne county, a judgment of foreclosure was rendered in an action in which S. S. Warren was plaintiff and Dorsey McClellan and Ann McClellan, W. H. Snyder and wife, and A. D. Booze and wife were defendants; judgment of foreclosure was rendered — judgment of $395 and costs, and interest at 8 per cent. on the judgment, and foreclosure ordered to the property mortgaged to secure said amount so ordered to be sold. Personal judgment was not rendered against Dorsey McClellan and wife, but only a judgment of foreclosure; that the mortgage foreclosed in said action, and upon which said judgment was rendered, included with

other property lots 6 and 7, in block 6, in the town-site of
Bloomington, Osborne county, Kansas; that a short time prior
to the 23d day of March, 1887, the plaintiff contracted to
sell and did sell to the defendant a stock of goods and mer-
chandise situated in building on lot 6, block 6, in said town
of Bloomington, and in which he, McClellan, had a half in-
terest, and also in the same transaction contracted to sell lots
6 and 7, block 6, in the town of Bloomington, as aforesaid,
to the defendant, Hal. W. Neiswanger; that as a part of the
consideration of the purchase-price of said lots and stock of
merchandise, the defendant, Hal. W. Neiswanger, contracted
to assume the payment of the judgment and costs above de-
scribed; that during the entire transaction no mention had
been made to the plaintiff, Dorsey McClellan, that the purchase
was being made in the interest of any other person or for any
person than the defendant himself; the defendant took pos-
session of the goods and drew a part of them, at least, to
Osborne prior to the 23d day of March, 1887; that prior to
the 23d day of March, 1887, defendant prepared a deed for
the plaintiff, Dorsey McClellan, and Ann McClellan, to exe-
cute for lots 6 and 7, block 6, in the town-site of Blooming-
ton, Osborne county, Kansas; that said deed was prepared
conveying said lots to David Neiswanger, instead of Hal. W.
Neiswanger; that said deed contained the usual covenants of
warranty with the following exception: 'Except judgment of
$395, with interest at 8 per cent., and costs of $6.80, which
party of the second part assumes;' that the plaintiff, Dorsey
McClellan, was unable to read the deed for himself, and that
the defendant, Hal. W. Neiswanger, read the deed to McClel-
lan and wife as running to himself, Hal. W. Neiswanger, and
with the exception as above found; that the deed was signed
by Dorsey McClellan and Ann McClellan on the 23d day of
March, 1887, and acknowledged before Hal. W. Neiswanger,
notary public, on that day; that as the deed now appears the
exception in the general warranty reads: 'Except judgment
of $395, with interest at 8 per cent., and costs of $6.80, which
party of the first part assumes;' that the court finds from
the evidence this change has been made since the execution
of this deed.    This action was begun by the plaintiff on the
12th day of July, 1887, and the said deed from McClellan
and wife to David Neiswanger was filed for record in the of-
fice of the register of deeds of Osborne county, Kansas, on
the 12th of August, 1887, at 9 o'clock A. M.; that on the

8th of April, 1887, an order of sale was issued by the clerk of the district court of Osborne county for the sale of the property described in the mortgage and foreclosure in the above-mentioned action; that the same was returned, no sale being made; and that on the 6th of June, 1887, another order of sale was issued, upon which the sheriff of said county proceeded and did sell lots 6 and 7, in block 6, in the townsite of Bloomington, in said county, and that the said lot 6 was sold to W. H. Snyder for $88, and that lot 7 was sold to Hal. W. Neiswanger for $15; that at the date of said sale said judgment and interest amounted to $406.67, and the costs of suit to| that time, $26.90; that by the sale of said lots was realized $103, the judgment and costs at that time amounted to $433.57, the amount realized from the sale of the lots, $103, which leaves a balance of $330.57; the interest on that amount to date is $9.77; the total to date, $340.34; that the sale made under said order has since been confirmed by the said district court, and deeds to said lots made by the sheriff in pursuance of said sale; that the remainder of said judgment was paid by W. H. Snyder, and that the plaintiff, Dorsey McClellan, has paid W. H. Snyder the full amount of said judgment before the beginning of this action; that the deed above mentioned, executed on the 23d day of March, 1887, from Dorsey McClellan and Ann McClellan, his wife, to David Neiswanger, was immediately delivered to Hal. W. Neiswanger, and has not since been in the possession of the plaintiff; that the change in the covenant of warranty was made without the knowledge of plaintiff; also, that neither party to the suit knew of the mistake in the description of the lots until very recently, and long after the commencement of this suit."

"CONCLUSION OF LAW.

"The court finds as a matter of law that the plaintiff is entitled to recover from the defendant the sum of $340.34, with interest from this date at 8 per cent., and costs."

A motion for a new trial was filed and overruled, and the court made these additional findings:

"The court finds that the deed made by Dorsey McClellan and wife to David Neiswanger was not filed for record until sometime after the bringing of this action; that the plaintiff was ignorant of the fact that there was any mistake in the description of the lands intended to be conveyed, and of the

fact that said deed ran to David Neiswanger; that the defendant was also ignorant of the mistake in the description of the lots until a few days before the commencement of this trial; that the plaintiff had no actual knowledge of the mistake in the description, or that it ran to David Neiswanger, until the commencement of this trial; that during the trial, when the fact was made known to the court that there was a mistake in the description of the lots intended to be conveyed, the court offered to require the plaintiff to amend his petition to conform to the facts proven in this particular, and to tender a deed conveying the lots intended to be conveyed; that the defendant's attorney at that time did not demand such deed; that on the argument of the motion for a new trial the attorney of the defendant, among other things, complained that no deed had been executed or delivered conveying to the defendant or other person from the plaintiff the lands described in the plaintiff's petition.

"Whereupon the court required the plaintiff to bring into court properly acknowledged and executed a deed conveying to the defendant the lots intended to be conveyed in the original deed, conveying all the right that the plaintiff had on the 23d day of March, 1887, with general covenants of warranty against all encumbrances except the judgment in question in this action; whereupon the attorney of the defendant stated at the time that the defendant did not waive any rights which he may have or which he may have had by reason of the fact that the deed was not executed and delivered before the commencement of this action; whereupon the plaintiff and wife tendered to the said defendant a deed to lots 6 and 7, in block 6, in the town of Bloomington, said deed containing a stipulation that the grantee assumes to pay said judgment; whereupon the said defendant refused to accept said deed, and stated as a reason therefor that the same did not conform to the agreement of the parties nor the order of the court; whereupon the court directed the plaintiff to execute and deliver to the defendant a deed conveying said lots without including in said deed the aforesaid stipulation, 'that the grantee assumes to pay said judgment,' which the plaintiff accordingly did on the 28th day of October, A. D. 1887, said deed being executed and acknowledged by both plaintiff and wife to the said defendant, which deed was delivered to the defendant; whereupon the court on the 28th day of October, 1887, overruled said motion for a new trial."

The case is brought here for review, and numerous errors are assigned, and among them it is claimed that the facts set forth in the petition are not sufficient to authorize any judgment against the plaintiff in error. The precise question with respect to this contention is, that there is no allegation in the petition with whom the contract was made assuming the payment of the indebtedness to Warren. There is this allegation in the petition, following the statement, that the plaintiff below had sold to Neiswanger lots 6 and 7, in block 6, and a stock of merchandise, and that in part payment of the same "the said defendant agreed to pay and discharge a certain note given by one W. H. Snyder to one S. S. Warren, which note was for the sum of $375, and interest and costs due thereon, and was secured by a mortgage on said lot, and the payment of which note this plaintiff had assumed." It is plain from this statement that the agreement was with the plaintiff, and that the allegation was sufficient to support the judgment.

The next contention is that the promise to pay the mortgage was a verbal one, and not binding within the statute of frauds. There are several very conclusive answers to this question, one of which is, that having secured and retained the possession, use and enjoyment of the property by virtue of the contract, he will not be heard to say now that it was not binding upon him. And another very good reason is, that this court has said in the case of *Center v. McQuesten,* 18 Kas. 476, that a promise made to a debtor, for a valuable consideration, to pay his debt to a third person, is not a promise to answer for the debt of another person within the statute of frauds, which applies only to promises made to creditors; and such a promise need not be in writing. Another good reason is, that it is a part of the purchaser's money, and the vendor has a right to direct to whom it shall be paid. Another very good answer is, that he accepted a conveyance from McClellan and wife, in which there was a written assumption of this particular indebtedness, for it abundantly appears, after the conveyance was reformed so as to express the real contract

between the parties, that this plaintiff in error had expressly obligated himself in writing to pay this special indebtedness. The petition alleged that the plaintiff had agreed to pay the mortgage, and the defendant in error had the right to prove the agreement to pay in the manner developed at the trial; and in doing so it cannot be successfully contended that irrelevant and incompetent evidence was admitted.

Again, it is said that there was not sufficient evidence to support the findings of fact made by the trial court. This objection is made upon the theory, as we gather it from the brief, that parol evidence is not admissible to contradict a writing. Counsel mean that when the deed from McClellan and wife to Neiswanger was introduced in evidence, it was discovered, or rather it was charged, that it had been changed since its execution and delivery in this respect, to wit: When executed it read that the mortgage indebtedness on the lot was stated, and these words followed, "which party of the *second* part assumes," but when introduced in evidence it read, "which party of the *first* part assumes." The court found upon sufficient evidence that the word "second" had been changed since the execution and delivery of the deed to "first," and this certainly was no violation of the rule.

Another complaint is, that the court allowed eight per cent. interest on the amount claimed, when the petition only claimed seven per cent. We have been through this record carefully several times and read the evidence attentively. The evidence and the concurrence of the circumstances surrounding the transaction very strongly impress us with the belief that substantial justice has been done between these parties by the judgment rendered in the court below, and the errors complained of are not sufficient to reverse under these circumstances. The judgment must be modified so as to bear interest at the rate of seven per cent., and with this modification we recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.