Rose L. Anthony v. Charles R. Mott and How-
ARD P. Anthony, *Administrators of the Estate of
Cynthia Anthony, deceased.*

**No. 411.** (61 Pac. 509.)

1. Mortgages of Real Estate — *Assumption of Payment by
Subsequent Grantee.* The purchaser of mortgaged real estate,
who assumed the payment of the encumbrance, though not by the
terms of the conveyance, may charge his grantee with the pay-
ment of the mortgage debt.

2. Pleading—*Payment—Burden of Proof.* The plea of payment
is an affirmative plea and the burden of proof is upon the party
pleading payment.

Error from Pottawatomie district court; Wm.
Thomson, judge.   Opinion filed June 18, 1900.   Af-
firmed.

**STATEMENT.**

The plaintiff in error, Rose L. Anthony, as plaintiff,
brought her action against Peter Stauffer, David
Starkweather, David Harsh, trustee, W. P. Ingram,
and Charles R. Mott and Howard P. Anthony, as ad-
ministrators of the estate of Cynthia Anthony, de-
ceased, to quiet her title to certain real estate in
Pottawatomie county.   Service by publication only
was had upon all of the defendants.   Judgment quiet-
ing her title was rendered upon default, on December
20, 1897.   The defendants in error, Mott and Anthony,
as administrators, on August 1, 1898, filed their mo-
tion to open up the judgment and that they be per-
mitted to defend, which was accordingly done.   These
defendants filed their answer and cross-petition.   In
the meantime plaintiff in error sold the real estate in
question to Schwarz and Crossnickle.   The purchasers
were made parties to the action upon motion of Mott
and Anthony, as administrators, and filed their answer

to the cross-petition. The plaintiff in error filed her reply to the cross-petition of Mott and Anthony, who also filed their replies to the answers of Schwarz and Crossnickle. Upon the issues thus joined the cause was called for trial, a jury being waived. Thereupon Mott and Anthony dismissed their cross-petition as to Schwarz and Crossnickle. The cause proceeded to trial upon the petition of Rose L. Anthony, the cross-petition of the defendants Mott and Anthony, as administrators, and the reply. The trial court made its findings of fact and conclusions of law in writing, as follows:

"First. That the mortgage set forth by said defendants, executors, as having been made by George H. Anthony to Cynthia Anthony was assumed by George T. Anthony, since deceased.

"Second. That the same was thereafter assumed by the plaintiff herein, in a certain deed made to her of the lands therein described by said George T. Anthony.

"Third. That at the time of the commencement of this action the note secured by said mortgage was in full force and virtue, so far as the same had not been paid.

"Fourth. That prior to the commencement of this action the plaintiff had made payments thereon aggregating the sum of $530.20.

"Fifth. That at this date there is due and owing the defendants, executors of said Cynthia Anthony, the sum of $124.32."

The court rendered judgment in favor of Mott and Anthony, as administrators, against Rose L. Anthony, for $124.32 and costs; the judgment to draw interest at the rate of ten per cent. per annum.

The plaintiff, as plaintiff in error, prepared her case-made, presents the record to this court for review, and alleges error in the proceedings of the trial

court.   The plaintiff excepted to the first, third and fifth findings of fact and the judgment, filed her motion for a new trial, which was overruled, and, as plaintiff in error, presents the record to this court for review.

*Benson & Smart*, for plaintiff in error.

*W. S. Jenks*, for defendants in error.

The opinion of the court was delivered by

McElroy, J. : The questions presented by the assignments of error and by the argument of counsel we will take up in order.   The first one is that, as George T. Anthony never assumed or agreed to pay this mortgage debt, the assumption of the same by his grantee was without consideration and not binding upon her.   George H. Anthony and wife, on the 1st day of October, 1875, executed and delivered their promissory note to Cynthia Anthony, whereby they promised to pay to her order, five years after date, the sum of $1127.33.   For the purpose of securing the payment thereof, they executed their real-estate mortgage upon the southwest quarter of section 14 and the southeast quarter of section 15, township 7, range 11.   George H. Anthony and wife, on the 30th day of December, 1887, conveyed the same lands to George T. Anthony, "in consideration of the sum of one dollar and other valuable consideration, to them in hand paid."   George T. Anthony, on the 3d day of August, 1896, conveyed the same lands to his wife, Rose L. Anthony.   This last deed recites

"that the premises are free, clear, discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments, and encumbrances, of what nature or kind soever,

except one certain mortgage to Cynthia Anthony, on
which there is a balance due of $610.40, and which
grantee is to assume and discharge."

By the terms of the deed of conveyance made by
George H. Anthony and wife to George T. Anthony,
the grantee did not assume or agree to pay the mort-
gage indebtedness. However, after the lands were
conveyed to him, he made various payments of inter-
est and principal upon the note and mortgage. He
prepared and delivered to Cynthia Anthony a state-
ment of account, in which he charged himself with
this indebtedness. He also entered into a written
agreement with her that the rate of interest, from a
certain date, presumably from the date the lands were
conveyed to him, should be seven per cent. It ap-
pears that, at all times after he purchased the lands,
he treated this mortgage debt as if he was the payor.
The testimony of George H. Anthony is sufficient to
lead one to the conclusion that this indebtedness was
assumed by his grantee as a part of the purchase-
money. If George T. Anthony was legally liable for
the payment of the amount due upon the mortgage,
he had a right to charge his grantee with its payment
as a part of the consideration for the conveyance of
the lands to her.

The first, second and third findings are supported
by evidence, and are the proper conclusions under the
evidence.

The only remaining question for consideration is as
to whether this was paid prior to the commencement
of the action. The amount due on principal and in-
terest August 3, 1896, was $610.40. The plea of pay-
ment is an affirmative plea, and the burden of proof
is on the party who asserts payment. The record
shows, and the court found, payments as follows : Sep-

tember 1, 1896, by draft, $30.20 ; October 7, 1896, by draft, $400 ; March 18, 1897, by draft, $100 ; making a total payment of $530.20.

The plaintiff in error contends that she paid, March 24, 1897, by draft from Streeter's Bank, of Westmoreland, $100; The evidence as to this last payment is very unsatisfactory. There is some testimony in the record tending to show that this was the draft of March 18 which had been returned for indorsement. We are unable to say which of these contentions is correct. The burden of proof being upon the plaintiff in error to establish the fact of payment, she must prove the alleged payment by a preponderance of the testimony.

The trial court found against the plaintiff upon this contention, and we are unable to say that the court erred ; hence the findings in this regard are conclusive.

The court found that the judgment should bear interest at the rate of ten per cent. This was error. The judgment should bear interest at seven per cent. This matter does not appear to have been brought to the attention of the trial court. The judgment will be modified so that it will draw interest at the rate of seven per cent., and affirmed as modified.