McAndrew v. Sowell.

No. 20,444.

MARY McANDREW, *Appellee*, v. W. L. SOWELL, *Appellee*, and MAHLON BISHOP, *Appellant*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Alleging Execution of Deed—Assumption of Mortgage— No Verified Denial—Allegation Taken as True*. Under the provision of the code that an allegation of the execution of a written instrument is taken as true unless denied under oath, the omission to verify the denial of a statement in a petition that the owner of mortgaged real estate had conveyed it to the defendant by a deed containing a clause by which the grantee assumed and agreed to pay the incumbrance is equivalent to an admission that such a deed was executed, and the execution in this sense includes the delivery to and acceptance by the defendant.

2. DEED—*Assumption of Mortgage—Statute of Frauds*. The assumption by a grantee of an incumbrance upon the property conveyed is not a promise to pay the debt of another in such sense as to bring it within the statute of frauds.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 10, 1917. Affirmed.

*Eugene S. Quinton*, of Topeka, for the appellant.

*W. R. Hazen*, and *H. W. Page*, both of Topeka, for appellee Mary McAndrew.

The opinion of the court was delivered by

MASON, J.: Mary McAndrew brought an action against W. L. Sowell and Mahlon Bishop, alleging in substance that Sowell had executed to her a note secured by a mortgage on real estate, and had afterwards conveyed the land to Bishop

by a deed, which the latter had accepted, in which the grantee assumed and agreed to pay the incumbrance. Bishop answered by an unverified general denial. On motion of the plaintiff the court, upon the pleadings, rendered a personal judgment against Bishop for the balance due on the mortgage debt. He appeals.

1. The appellant contends that in this state of the pleadings, in order to charge him with personal liability it was incumbent upon the plaintiff to prove that he had accepted the deed containing the agreement to pay the incumbrance. The execution of the deed was admitted by the failure to deny it under oath. (Civ. Code, § 110.) The execution of the deed included its delivery. (*Clark v. Childs*, 66 Cal. 87; 17 Cyc. 876; 3 Words & Phrases, pp. 2558-2559; 2 Words & Phrases, 2d series, pp. 378-379.) And its delivery included its acceptance by the grantee. (2 Words & Phrases, p. 1960.)

2. The appellant also invokes the provision of the statute of frauds that no action shall be brought to charge a party to answer for the debt of another unless the agreement shall be in writing and signed by the party to be charged. (Gen. Stat. 1915, § 4889.) The acceptance of a deed in which the payment of an incumbrance is assumed is regarded as making the grantee the principal debtor, so that his promise is to pay his own debt, and not that of another, and the statute does not apply. (*Neiswanger v. McClellan*, 45 Kan. 599, 26 Pac. 18; 20 Cyc. 174; Note, 15 L. R. A., n. s., 1087.)

The judgment is affirmed.