No. 20,888.

The Colorado Savings Bank, *Appellant*, v. W. S. Bales, *Appellee.*

#### SYLLABUS BY THE COURT.

1. DEED—*Assumption of Mortgage—Liability of Grantee.* A grantee who, in a deed, assumes and agrees to pay a mortgage on the land conveyed, is not personally liable to the mortgagee unless the grantor in that deed is liable.

2. NEW TRIAL—*Newly Discovered Evidence.* Under the circumstances set out in the opinion, a new trial should have been granted on payment of costs.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed June 9, 1917. Reversed.

*Howard J. Hodgson,* of Eureka, for the appellant.

*O. C. Zwicker,* of Eureka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiff sought to recover on the defendant's agreement in a deed to pay a mortgage on the property conveyed. Judgment was rendered in favor of the defendant. The plaintiff appeals.

The plaintiff's evidence established that W. H. Barber executed to The Ramey-Udlock Investment Company a mortgage on certain real property in Colorado, to secure the payment of a $3500 note; that Barber conveyed the land to Clarence W. McCrillus; that McCrillus conveyed the land to the

defendant, W. S. Bales, and that the deed from McCrillus to the defendant contained the following provision:

"Except deed of trust recorded in book 150 at page 472, Mesa county recorder, of which $500 has been paid. Balance of $3000 party of second part assumes and agrees to pay with interest from Jan. 1, 1914." 1914."

There was no evidence to show that McCrillus had assumed the mortgage or in any way agreed to pay it. The court sustained a demurrer to the plaintiff's evidence.

1. The first question for consideration is: Did the words contained in the deed to the defendant bind him for the payment of the mortgage debt, in the absence of any showing that McCrillus, Bales's grantor, was under any legal obligation to pay that debt?

That question has not been answered by this court. In *Stephenson v. Elliott*, 53 Kan. 550, 36 Pac. 980, *Gowans v. Pierce*, 57 Kan. 180, 45 Pac. 586, and *Hendricks v. Brooks*, 80 Kan. 1, 101 Pac. 622, this court said, in substance, that where the grantee, as a part of the consideration for the conveyance of a tract of land, accepts a deed which provides that he assumes and agrees to pay a mortgage indebtedness on the land, he becomes personally liable for the payment of the indebtedness. In each of these cases the grantor in the deed was himself personally liable. In *New England Trust Co. v. Nash*, 5 Kan. App. 739, 46 Pac. 987, the court of appeals said:

"The liability of a grantee who assumes the payment of a mortgage on land conveyed to him, depends upon the personal liability of his immediate grantor. If the grantor is not so liable, the mortgagee can not claim any deficiency from such grantee." (Syl. ¶ 2.)

A petition was filed in the supreme court to have the judgment of the court of appeals reviewed. That petition was denied. Under the practice as it then existed, that denial was practically an affirmance of the judgment of the court of appeals. (See, also, *Morris v. Mix*, 4 Kan. App. 654, 46 Pac. 58; *Lockrow v. Cline*, 4 Kan. App. 716, 724, 46 Pac. 720; *Anthony v. Mott*, 10 Kan. App. 105, 61 Pac. 509; and 2 Jones on Mortgages, 7th ed., § 760.)

Notes on the question under discussion are found in 8 L. R. A. 315, 22 L. R. A., n. s., 492, and 39 L. R. A., n. s., 151. From these notes the conclusion must be drawn that the weight

of authority is against liability on the part of the grantee in a deed where the grantor therein is not personally liable. In the note found in 22 L. R. A., n. s., 492, the author uses this language:

"In those states which refer the liability of the grantee to the doctrine that the promise is a collateral security which by subrogation inures to the benefit of the mortgagee, the promise is held to render the grantee the principal and the grantor the surety for the debt, the promise being to indemnify the latter in case he has to pay the debt. It necessarily follows that where this theory prevails, if the grantor is not himself liable, no liability can attach to the grantee, and it is so held in very many cases."

In *Stove Works v. Caswell*, 48 Kan. 689, 29 Pac. 1072, this court said:

"Where property is sold, and the purchaser agrees to pay the consideration therefor, or a portion thereof, to a creditor of the vendor, the purchaser, as between himself and the vendor, becomes the principal debtor, and the vendor only a surety." (Syl.)

(See, also, *Bowling v. Garrett*, 49 Kan. 504, 520, 31 Pac. 135; *Mulvane v. Sedgley*, 63 Kan. 105, 64 Pac. 1038; *Fisher v. Spillman*, 85 Kan. 552, 118 Pac. 65; *Bank v. Livermore*, 90 Kan. 395, 402, 133 Pac. 734; *Morlan v. Loch*, 95 Kan. 716, 149 Pac. 431; and *McAndrew v. Sowell*, 100 Kan. 47, 163 Pac. 653.)

It follows that the question with which this discussion was commenced must be answered in the negative.

2. One of the grounds of the motion for a new trial filed by the plaintiff was: "Newly discovered evidence material for the plaintiff, which he could not, with reasonable diligence, have discovered and produced at the trial." An affidavit of F. P. Evans, the plaintiff's cashier, was produced at the hearing of the motion. This affidavit showed that when Evans looked through the papers pertaining to this loan, he overlooked the fact that McCrillus had executed an extension agreement. The affidavit further showed that McCrillus had entered into an agreement for the extension of this loan, and in the extension agreement had agreed to pay the mortgage debt with the interest thereon; that this agreement was made with the plaintiff as agent for the legal holders of the mortgage, and that after judgment had been rendered Evans again made a search through the papers pertaining to the loan, found

the extension agreement, and immediately wrote to plaintiff's attorney, Howard J. Hodgson, and sent the extension agreement to him.

The motion for a new trial was denied. Under the decisions of this court above cited, if an extension agreement had been introduced on the trial and that agreement had shown that McCrillus had agreed to pay the mortgage debt, then the assumption of that debt by the defendant, in the deed from McCrillus to him, would have been a valid and binding obligation on the part of Bales, and judgment should have been rendered in favor of the plaintiff.

Under these circumstances, in order to prevent a failure of justice, a new trial should have been granted—not, however, without the imposition of terms.

The judgment is reversed, and a new trial is granted on condition that the plaintiff pay all the costs of the action up to and including the hearing of the motion for a new trial.

WEST and MARSHALL, JJ. (dissenting): The decision of this court is in contravention of section 305 of the code of civil procedure. The showing on the motion for a new trial disclosed that the plaintiff was negligent, and not reasonably diligent.