No. 31,984

THE CONCORDIA BUILDING AND LOAN ASSOCIATION, *Appellee*, v. L. N. DUNDAS et al., *Defendants*; ELMER R. JORDAN, *Appellant*.

(42 P. 2d 563)

Opinion filed April 6, 1935.

*R. C. Postlethwaite* and *Max White*, both of Mankato, for the appellant.
*Charles L. Hunt* and *Frank C. Baldwin*, both of Concordia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the trial court overruling a motion by one of the defendants to set aside a personal judgment rendered against him in an action upon certain notes and to foreclose mortgages given to secure them.

The record discloses that the action was brought on a note for $5,000 secured by a mortgage on certain real property, and another note of $500 secured by a second mortgage on the same property; that these notes and mortgages were executed by L. N. Dundas and wife; that about the time of their execution Dundas and wife conveyed the property described in the mortgage to John H. Flynn, the deed of conveyance containing the clause: "subject to an encumbrance of seven thousand and no/100 dollars, which second party assumes and agrees to pay;" that about a year later Flynn and wife conveyed the real property to Elmer R. Jordan, the deed of conveyance containing the clause: "subject to an encumbrance of seven thousand and no/100 dollars, which second party assumes and agrees to pay;" that thereafter Jordan conveyed the real

property to W. L. Beardmore, the deed of conveyance containing a similar assumption clause. When the notes became due and were not paid action was brought on them and to foreclose the mortgages. Dundas and wife, Flynn, Jordan, Beardmore and others were made parties defendant. Each was served personally with summons. The defendant Flynn appeared and demurred to the petition, and his demurrer was sustained. The reason for that ruling is not clear, but it is unimportant on this appeal. None of the other defendants answered or otherwise pleaded to the petition. In due time, and on June 24, 1931, the action came on for trial. A personal judgment in the sum of $6,176.52 was rendered on the notes in favor of plaintiff and against Dundas and wife, Jordan and Beardmore. The mortgages were foreclosed and it was ordered that the mortgaged property be sold and the proceeds applied to the payment of costs, taxes, the amount due plaintiff, and the balance, if any, be brought into court to abide its further orders. Thereafter the property was sold in accordance with the judgment for the sum of $4,646.93, and the sale was confirmed August 29, 1931. This left unpaid on the judgment which had been rendered something more than $1,500. No appeal was taken from any of the orders or judgments of the court.

Thereafter, and on April 22, 1933, the defendant Jordan filed a motion to cancel and vacate the judgment against him "in so far as it attempts to make him personally responsible for any alleged deficiency of said judgment" above the amount the mortgaged real property sold for, and alleged such judgment is void, for the reasons: (a) the petition does not allege facts entitling plaintiff to a personal judgment against him; (b) the fact that Flynn's demurrer to plaintiff's petition was sustained was a bar to a personal judgment against him; and (c) the sale in the foreclosure action was for a grossly inadequate price, was inequitable and insufficient as a basis for deficiency judgment. After a hearing, at which evidence was received and briefs furnished, the trial court overruled Jordan's motion, and he has appealed.

The last ground of the motion is not urged upon our attention, and perhaps could not successfully be pressed, for, after all, Jordan's liability for any part of the judgment depends upon the validity of the judgment. It is attacked as being void apparently under R. S. 60-3009, which provides a void judgment may be vacated at any time on motion of a party or any person affected thereby.

Considering appellant's contention that the petition did not state a cause of action for a personal judgment against Jordan, we note the petition alleges the execution and delivery of the notes and mortgages by Dundas and wife; that they conveyed the real property described therein to Flynn, who, at the time of the said conveyance and as a part of the purchase price of the same, assumed and agreed to pay the indebtedness represented by the notes and mortgages, all of which is shown by the deed of conveyance then of record; that thereafter Flynn and wife conveyed the real property to Jordan, who assumed and agreed to pay the debt evidenced by the notes and mortgages as shown by the deed of conveyance to him of record; and that thereafter Jordan conveyed the real property to Beardmore, who assumed and agreed to pay the same indebtedness, as shown by his deed of conveyance then of record. So far as the petition is concerned, there is nothing lacking in necessary or proper allegations. Appellant points out that the deed to Jordan referred to the encumbrance of $7,000, which he assumed and agreed to pay. It is clear from the record that the mortgages sought to be foreclosed in this action were encumbrances of record at the time of the conveyance to Jordan. What additional encumbrance there was on the property to make up the $7,000 mentioned in the deed is not shown by the record. Possibly those figures were copied from an old deed and are erroneous. However that may be, Jordan, by accepting this deed, assumed and agreed to pay $7,000 encumbrance on the property. He should not complain that he is called upon now to pay $1,500 less than that. This discrepancy in the amount of encumbrance which Jordan assumed and agreed to pay—if it is a discrepancy—is not of a character which destroys the allegations of the petition to the effect that by the deed to him Jordan assumed and agreed to pay the mortgages sought to be foreclosed in the action. We find nothing lacking in the petition which prevents it from stating a cause of action in favor of plaintiff against Jordan for personal judgment. The court had jurisdiction of the subject matter and jurisdiction of the parties by reason of personal service of summons, hence the personal judgment against Jordan cannot be said to be outside of the issues in the case and hence void under the authority of *New v. Smith,* 86 Kan. 1, 119 Pac. 380, and similar cases, relied upon by appellant.

Appellant next contends that Jordan's grantor, Flynn, was not

liable personally for the debt secured by the mortgages, hence that he could not be made liable personally by assuming and agreeing to pay the encumbrance in the deed from Flynn to him. This argument is predicated upon the rule announced by this court in *Bank v. Bales*, 101 Kan. 100, 165 Pac. 843, where it was held a grantee in a deed who assumes and agrees to pay a mortgage on the land conveyed is not personally liable to the mortgagee unless the grantor in that deed is liable. Without analyzing the question we shall assume, for the purpose of this opinion, that the rule announced in that case correctly states the law of this state. But in this connection we wish to call attention to *Duvall-Percival Trust Co. v. Jenkins*, 16 F. 2d 223, where a different rule was applied; also to the annotations on this point in 12 A. L. R. 1528; 21 A. L. R. 439, and 47 A. L. R. 339. There is nothing in the record in this case to indicate Flynn was not personally liable on these notes except the fact that his demurrer to the petition was sustained. We heretofore have pointed out that the reasons for that ruling are not disclosed by the record. Possibly it was on the theory of the statute of limitations (*Schmucker v. Sibert*, 18 Kan. 104), which, perhaps, was available to Flynn, but not to Jordan or to Beardmore. There is nothing in this record to indicate that Flynn was not personally liable on the notes sued on in this action at the time he made a conveyance of the property to Jordan. Upon the record before us we cannot assume Flynn was not liable on the notes at the time he conveyed to Jordan. If any assumption were indulged in on that point it would be that he was liable, or at least that he thought he was liable, and contracted with Jordan in such a way as to make Jordan primarily liable instead of himself.

While we have considered the two points argued by appellant, and conclude they are not well taken, both of them are answered by the fact that Jordan, although personally served with summons in the action, did not answer or otherwise plead, and permitted the judgment authorized by the petition to be rendered against him by default. Such a judgment is as good against him as though it had been rendered after his appearance and contest. (*Miller v. Miller*, 107 Kan. 505, 192 Pac. 747; *Pattison v. Kansas State Bank*, 121 Kan. 471, 247 Pac. 643; *Skaer v. Capsey*, 127 Kan. 383, 273 Pac. 464, and authorities cited therein.)

We find no error in the record. The judgment of the trial court is affirmed.