No. 32,796

D. H. JOHNSTON and JAMES JOHNSTON, *Appellees,* v. W. L. TALLMAN, V. A. TALLMAN, CHARLES W. JOHNSON, Receiver of the Logan County State Bank, et al., *Appellants.*

(57 P. 2d 26)

Opinion filed May 9, 1936.

*C. A. Spencer, J. H. Jenson,* both of Oakley, *W. H. Wagner* and *William Wagner, Jr.,* both of Wakeeney, for the appellants.

*Charles I. Sparks* and *Clarence R. Sparks,* both of Goodland, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiffs, payees of a promissory note for $5,000, dated March 24, 1921, sued the makers thereof, W. L. Tallman and four others, for the balance due on the note, and also sued Charles W. Johnson, as receiver of the Logan County State Bank, upon the bank's endorsement of a note for $4,800, dated December 31, 1920, executed by a Mr. Simpson and wife, payable to the bank and secured by a mortgage on certain real property, which note had been endorsed and the mortgage assigned to plaintiffs as collateral security for the $5,000 note; and also sought to foreclose the mortgage executed by Simpson and wife, who, in the meantime, had conveyed the mortgaged property to one Fink, and he to V. A. Tallman, wife of W. L. Tallman, who was made a party defendant. Plaintiffs alleged payments had been made on each of the notes on dates named within the period of the statute of limitations. Plaintiffs recovered judgment against W. L. Tallman on the $5,000 note, and no appeal was taken from that. Plaintiffs also recovered judgment against Charles W. Johnson, as receiver, on the bank's endorsement of the $4,800 note for the balance due thereon, and against V. A. Tallman for the foreclosure of the mortgage. Each of these parties has appealed.

The receiver filed an answer that the endorsement of the bank on the note was made without authority and without consideration, pleaded the statute of limitations, and pleaded estoppel in that one of the plaintiffs, D. H. Johnston, was a director and president of the bank for a time before the receiver was appointed and had signed reports of the bank's condition to the state bank commissioner without disclosing the bank's liability as endorser for the $4,800 note. Plaintiffs answered that plea of estoppel by alleging that the statements so signed were made up by W. L. Tallman, the cashier and active managing officer of the bank, and that its president assumed and believed them to be correct.

The evidence disclosed that when the $5,000 note was executed its makers were directors of the bank; that W. L. Tallman was its cashier and active managing officer; that the bank held the Simpson note and mortgage for $4,800, which it desired to get out of the bank, and offered to sell it to plaintiffs; that they refused to buy the

note but offered to loan the bank $5,000 on the note of its directors with the $4,800 Simpson note and mortgage as collateral security; that this was agreed upon; that the directors executed the $5,000 note; that the plaintiffs paid the bank $5,000 therefor, and that the bank endorsed the $4,800 Simpson note and assigned the mortgage securing it to plaintiffs, and that payments of interest had been made upon both notes to within a time so the statute of limitations had not run.

Judgment was rendered against Charles W. Johnson, as receiver, for the balance due on the $4,800 note because of the bank's endorsement thereon, and no serious objection is now made about that. It was admitted that when the bank failed in March, 1933, and for some time prior thereto, the plaintiff, D. H. Johnston, was a director and the president of the bank, and had signed several statements of the bank's condition for reports to the bank commissioner which did not disclose the bank's liability on this endorsement. The question was raised as to whether or not the judgment for plaintiffs against the receiver should be subordinated in payment to the claims of other creditors. It was conceded by plaintiffs that insofar as D. H. Johnston's interest in the judgment was concerned that should be done. (See *Mulligan v. Emmett State Bank,* 124 Kan. 699, 704, 261 Pac. 567; *Cheney v. Johnson,* 135 Kan. 521, 530, 11 P. 2d 709.) But plaintiffs argue that should not be true as to the interest of the plaintiff James Johnston in the judgment, since he was only a stockholder in the bank, was not one of its directors or other officers, and had never signed any of the reports above mentioned. The trial court concluded the judgment, for the purpose of its payment, should be divided into two equal parts, and that one of them, being the part of the plaintiff D. H. Johnston, should be subordinated in payment by the receiver to the claims of all other creditors of the bank, while the other part, representing the interest of James Johnston, should be paid as the claims of other creditors.

The receiver has appealed, and contends the entire amount of the judgment should have been subordinated in payment to the claims of other creditors of the bank. We agree with this view. The liability of the bank on its endorsement of the $4,800 was an entirety. There is nothing in the endorsement to indicate that it was liable thereon in part to one of the plaintiffs and in part to the other. It could have discharged its liability on the endorsement by paying the full amount it was liable for by reason thereof to either one of the plaintiffs. They had no right to bring separate, individual actions

against the bank on its endorsement for their claimed respective moieties in the liability of the bank. If such an action could have been framed it was not done by the pleadings in this case, hence there was no issue in the case respecting the separate moieties of plaintiffs in the bank's liability; nor was there any evidence on this point. Plaintiffs sued here as joint holders of the $4,800 note by reason of the bank's endorsement. The estoppel pleaded by the receiver permeates the entire claim. The result is the judgment of the trial court must be modified so that the entire judgment in favor of plaintiffs will be subordinated in payment to the claims of other creditors against the bank.

The appeal of V. A. Tallman pertains to the lien of the mortgage given by the Simpsons as security for the $4,800 note upon the land, the title to which she had acquired. She pleaded the statute of limitations and alleged that since she had acquired title to the property on September 9, 1929, she had not, nor had anyone else, with her consent or knowledge, made any payment upon the debt secured by the mortgage. The evidence disclosed she had acquired title by quitclaim deed. She testified the consideration for the deed was her assumption of the mortgage upon the land. She further testified she had received and retained all the income from the property since she acquired title to it, and that she had paid nothing on the debt secured by the mortgage. W. L. Tallman testified that since his wife had acquired title to the land he had collected the rents for her, and with her knowledge and consent had made the payments shown to be endorsed upon the $4,800 note. On her appeal attention is called to plaintiffs' petition in which it was alleged that the mortgage contained a clause to the effect that if the interest were not paid when due the entire debt became due at once. The note bore the endorsement that interest was paid to the date of December 21, 1929, and a later endorsement that the interest was paid to the date of March 24, 1930, and there was evidence those payments had been made. The trial court found she had assumed the payment of the mortgage at the time she acquired title, and that the payment had been made, with her knowledge and consent, by her husband, W. L. Tallman, with rents or proceeds from the land. There is evidence to sustain that view. The court rendered no personal judgment against her, but simply decreed the foreclosure of the mortgage on the land. She is in no position to complain.

In this court she raises the point that Fink had not assumed the payment of his mortgage when he purchased the land from Simp-

son, and hence was not liable for the mortgage debt, and that her assumption of the mortgage created no liability against her. (*Bank v. Bales,* 101 Kan. 100, 165 Pac. 834.) To bring out the point more forcefully appellant in her reply brief has set out a copy of the deed from Simpson and wife to Fink, which does not show any assumption clause. A sufficient answer to this point is that it was not raised or determined in the court below. More than that, the fact that the deed from Simpson to Fink did not contain an assumption clause is not conclusive proof that Fink did not assume the mortgage. He might have done so in a written contract for the purchase of the land, or he might have done so by an oral agreement.

The result is the judgment rendered in favor of plaintiffs against Charles W. Johnson, as receiver, must be modified so as to make the entire judgment subordinate to the claims of other creditors against the bank, and the judgment against V. A. Tallman foreclosing the Simpson mortgage must be affirmed. It is so ordered.