## C. LOUISE SOEKER, Appellant, v. JOSEPH W. KERR and ELLA J. KERR, Respondents.

**St. Louis Court of Appeals. Opinion Filed June 3, 1919.**

1. **MORTGAGES AND DEEDS OF TRUST: Grantee Assuming Indebtedness: Personal and Primary Liability.** A purchaser of real estate who obtains title thereto by a conveyance which recites the existence of a deed of trust or mortgage thereon and that the grantee assumes and agrees to pay the indebtedness thereby secured, becomes personally and primarily liable for such indebtedness.

2. ———: ———: **Liability for Deficiency: Contracts: Construction of Contracts: "Null," "Void."** Under a contract between the holder of notes and a deed of trust and the purchasers of the real estate in such deed described, providing for an extension of existing indebtedness on execution of certain interest and other notes by the purchaser, who agreed to assume the principal indebtedness, which contract contained a clause providing that in the event that any of the notes were not paid when due, the contract should be "null and void," and that the holder of the notes might proceed to foreclose, default in the payment of the last interest note after the extension provided for had run did not avoid the contract and release the purchasers from liability for the deficiency after foreclosure; the word "void" though used in conjunction with the word "null" is to be taken as meaning "voidable," giving plaintiff's assignor the right to take advantage of a default on the part of defendants at his option.

3. ———: ———: ———: ———: **Performance of Contract by One Party: Other Party Receiving the Benefits: Liability.** Furthermore, when defendants became in default upon the last interest note, the principal note, as extended by the contract, had matured, and the other party to the contract had fully performed his part, and defendants had received the benefits thereof, and in no rational view of the contract could it be held that defendants became released from liability thereon by reason merely of their failure to pay such interest note.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Glendy B. Arnold,* Judge.

REVERSED AND REMANDED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appellant.

A contract to pay the debt of another may be enforced by the creditor if the contract is in writing and is based on a valuable consideration. Winn v. Lippincott Investment Co., 125 Mo. 528; State v. Railroad 125 Mo. 596. This rule is applicable to cases of purchasers of land who accept and hold under conveyances which recite the existence of mortgages on the land and an assumption and promise to pay the same by the purchasers. They will be bound. Heim v. Vogel, 69 Mo. 527; Fitzgerald v. Barker, 70 Mo. 685. And all causes of action arising on contract are assignable. State to use of Thrasher v. Heckert, 49 Mo. App. 280. Also for damages to property. Snyder v. Railroad, 86 Mo. 616. The stipulation of a contract that the contract shall become null and void if there is a breach of part is for the benefit of the party against whom the breach is made and he may enforce it, but the party who committed the breach cannot do so. A party guilty of contributory negligence has no right of action nor can a joint wrongdoer sue for contribution. Morgan v. Durfee, 69 Mo. 469; Berkson v. Kansas City Cable R. Co., 144 Mo. 211. In the reading of contracts and carrying them out courts are governed by what they believe to have been the intention of the parties and will put themselves in the position of the parties when they made the contract. North St. L. Building Assn. v. Obert, 169 Mo. 507. And will relieve from forfeitures. Messersmith v. Messersmith, 22 Mo. 369.

*Charles A. McIntyre,* acting in the absence of *Geo. W. Wadlow* for respondents.

ALLEN, J.—This is an action to recover a balance claimed to be due plaintiff from defendants on a note executed by a third person and which, it is averred, the defendants assumed and agreed to pay.

It appears that on July 27, 1897, one Fitzpatrick executed a deed of trust to one Chas. C. Nichols, as trustee, upon certain property in the city of St. Louis, to secure the payment of Fitzpatrick's note of even date therewith, payable to the order of one Buckingham, for $5500, due three years after said date, together with certain interest notes. This note, endorsed by Buckingham without recourse was sold by him and ultimately came into the hands of this plaintiff. It may be inferred that the time of payment of the principal note was extended from time to time. Prior to July 27, 1912, payments were made thereon aggregating $1000, leaving a balance of $4500, all interest on the principal having been paid. How long Fitzpatrick remained the owner of the equity of redemption in the real estate does not appear. It appears, however, that in 1905 the defendant Ella J. Kerr acquired title to the property by deed from one Marion Loftus. Prior to July 27, 1912, one Dormitzer became the holder of the principal note, then reduced to $4500, and the Fitzpatrick deed of trust securing the same. On that day an agreement in writing was entered into between Dormitzer and these defendants which recited that defendants agreed "to pay the indebtedness secured by the deed of trust," and to "assume all the obligations and stipulations" contained therein, Dormitzer acknowledging the receipt from these defendants of six negotiable promissory notes, of that date, executed by the defendants, representing the interest on the principal note and two other notes, for $250 each, to constitute payments on the principal note. And this agreement recited that if these notes were paid as they fell due, the principal note (then reduced to $4500, and to be further reduced to $4000 if the two notes for $250 each were paid) should, at the request of defendants, be extended for a period of thirty-six months from said July 27, 1912; but that if any one of the notes mentioned, executed by defendants, or any part thereof, should not be promptly paid when due, or if the defendants should neglect or refuse to perform the covenants

in the trust as to the payment of insurance, táxes, etc., then in such case the agreement should be "null and void," and that the legal holder of the principal note might "proceed to enforce payment thereof under said deed of trust the same as if this agreement had not been made."

After the execution of this contract D'ormitzer transferred to plaintiff the principal note and the various notes executed by defendants, together with the deed of trust, and assigned the contract to plaintiff.

The testimony shows that the defendants paid the two notes for $250 each, mentioned in the contract, thus reducing the principal note to $4000, and that they paid the several interest notes executed by them with the exception of the last interest note due July 27, 1915. The bill of exceptions, as abstracted, recites that Dormitzer testified that he demanded of defendants the payment of this last interest note and the principal note on the day last mentioned, but that defendants failed to make such payments, whereupon he called upon the trustee in the deed of trust to proceed to sell the property in accordance with the terms thereof. It may be inferred perhaps that Dormitzer was then acting for this plaintiff to whom he had sold the notes and deed of trust, with an assignment of the contract, supra, though this does not directly appear It is said that the trustee in the deed of trust then advertised the property for sale and sold it under the terms of the deed of trust, plaintiff becoming the purchaser at the trustee's sale, for the price of $3150, leaving a balance of $1805.34 due upon the indebtedness secured by the deed of trust, for which a recovery is sought against these defendants in this action.

The cause was tried below before the court without a jury, a jury having been waived. Plaintiff offered an instruction whereby it was sought to have the court declare that the defendants, by their contract with Dormitzer, supra, assumed and became personally liable for the debt secured by the deed of trust, and that Fitz-

patrick became discharged from liability thereon; that the failure of defendants thereafter to pay the said interest note last falling due, at its maturity, could not discharge defendants from their obligation to pay the principal indebtedness secured by the deed of trust, and that plaintiff was entitled to a finding and judgment against defendants for the balance of said indebtedness remaining unpaid, after crediting them with the net proceeds of the foreclosure sale. This instruction the court refused. Thereafter the court rendered judgment for the defendants, from which plaintiff prosecutes the appeal before us.

The doctrine adverted to by appellant's learned counsel in their brief, to the effect that a purchaser of real estate who obtains   title thereto by a conveyance which recites the existence of   a deed of trust or a mortgage thereon, and that the grantee assumes and agrees to pay the indebtedness thereby secured, will become personally and primarily liable therefor, as held in a line of well known cases in this State (See e. g. Heim v. Vogel, 69 Mo. 529), is not here of consequence. The right, if any, of plaintiff, as assignee of Dormitzer, to hold these defendants personally liable upon the principal note secured by this deed of trust, arises, if at all, by virtue of the terms of the special contract entered into between defendants and Dormitzer on July 27, 1912, and which Dormitzer assigned to plaintiff. That contract, providing for an extention of the existing indebtedness, upon the execution and delivery of certain notes by defendants to Dormitzer, recites that defendants agree to assume the principal indebtedness; but in the latter part of the contract it is expressly stipulated that in the event that any one of the notes executed by defendants, or any part thereof, be not paid when due, then the contract shall be *null and void,* and the holder of the note may proceed to foreclose.

Apparently the trial court took the view that since the contract contained the condition that it should become ''null and void'' in the event of the failure of the

Soeker v. Kerr.

defendants to pay any one of the said notes executed by them, then the failure of defendants to pay the last interest note, maturing July 27, 1915, the date of the maturity of the principal note as extended by said contract, operated to render the contract thereafter wholly ineffectual, and thereby released the defendants from their agreement whereby they made themselves personally liable for the payment of the indebtedness evidenced by the principal note. This we believe to be unsound. The condition in question was, we think, clearly one for the benefit of the other party to the contract, then the holder of the note secured by the deed of trust, to be invoked by him at his election. And under the circumstances the word "void," though used in conjunction with the word "null," is to be taken as meaning voidable giving plaintiff's assignor the right to take advantage of a default on the part of the defendants at his option.

In Stewart' v. Griffith, 217 U. S. 323, the defendant, Stewart, contracted in writing with one Griffith, as agent of one Ball, to purchase certain land belonging to Ball. Defendant paid $500 on account of the purchase price and agreed to pay the balance of one-half of the purchase price on a day named, the remainder to be paid in certain deferred payments. The contract recited that the vendor, through his agent, granted, bargained and sold, and agreed to convey by proper deed, etc., the land mentioned. The contract then provided that if the defendant failed to pay the said remainder of the first half of the purchase price on the day named, then the $500 paid by him should be forfeited, "and the contract of sale and conveyance to be null and void, and of no effect in law." The court held that the language of the contract implied a "concluded bargain," and that the defendant bound himself to take the land. As to the condition in the contract quoted above, it is said: "The condition is plainly for the benefit of the vendor and hardly less plainly for his benefit alone, except so far as it may have fixed the time when Stewart might have called for performance if he had chosen to do so,

which he did not. This being so, the word void means voidable at the vendor's election and the condition may be insisted upon or waived at his choice.''

This ruling we regard as applicable to the question presented by this record. Furthermore, in the case before us, defendants' default on the last interest note, which, it is asserted, operated to release them from all further liability on the contract, occured at the very end of the full period of extension upon the principal note which defendants had assumed. In other words when defendants became in default upon the interest note, the principal note, as extended by the contract, had matured. The other party to the contract had fully performed on his part, and defendants had received the benefit thereof. Under no rational view of the contract could it be held that defendants, at that stage, became released from liability thereon by reason merely of their failure to pay such interest note.

We see no escape from the conclusion that the defendants are bound upon their contract of assumption, whatever hardship this may entail upon them under the circumstances; and that the trial court consequently erred in holding to the contrary.

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Becker, J.,* concur.